10657.

STATE v. JAMES.

(107 S. E. 907)

1. CRIMINAL LAW—DEFENDANT HAS RIGHT TO BE PRESENT WHEN JURY IS GIVEN FURTHER INSTRUCTIONS AFTER RETIRING.—In a prosecution for felony, defendant has a right to be present at every part of the trial proper, unless he absents himself, so that it was error for the Court to give further instructions to the jury on the law of self-defense, after they had retired to deliberate on their verdict, and while accused was in custody of the Sheriff in jail.

2. CRIMINAL LAW—PRESENCE OF ATTORNEY FOR DEFENDANT CONFINED IN JAIL DOES NOT WAIVE DEFENDANT'S RIGHT TO BE PRESENT.—The presence of defendant's attorney when further instructions were given to the jury after their retirement for deliberation does not waive defendant's right to be present.

3. CONSTITUTIONAL LAW—IN CAPITAL CASES, DEFENDANT'S RIGHTS CAN BE WAIVED ONLY BY HIMSELF IN OPEN COURT.—In a trial for capital felony, no waiver is binding on accused, unless he himself makes the waiver in open Court, and there are some constitutional provisions which he himself cannot waive.

Before DEVORE, J., Pickens, September, 1920. Reversed and new trial ordered.

W. C. James indicted for murder and upon conviction of manslaughter with recommendation to mercy appeals.

The exceptions of defendant were as follows:

(1) That the presiding Judge erred in refusing the motion for new trial, for the reason that it appears from the record that after the jury had been charged, and sent to their room for deliberations, the defendant was taken from the courtroom to the jail, and that during the absence of the defendant from the courtroom the jury was permitted

to come out into the courtroom and to ask for further in-
structions in reference to the law of self-defense, and there-
upon the presiding Judge did charge the jury the law of
self-defense, and then the jury returned to their room,
and after a brief deliberation returned to the courtroom,
announcing that they had agreed upon a verdict. It is
respectfully submitted that this was a material and essential
step in the progress of the trial, and that the defendant was
absent against his will and without his consent, and he was
thus denied his constitutional right to be present during the
trial.

(2) That the presiding Judge erred in not granting the
motion for a new trial, for the reason that the mere pres-
ence of the attorney for the defendant could not amount
to a waiver of the defendant's right to be present, for the
reason that the Court did not notice that the defendant was
absent, and his attorney did not undertake affirmatively to
waive his absence, and the defendant had no means of know-
ing, or waiving in advance, his right to be present during
every material step in the progress of the trial.

(3) That the presiding Judge erred in refusing the
motion for new trial, because to charge the jury as to the
law of self-defense at the request of the jury and in the
absence of the defendant, without his request and without
his waiver, would be to deprive the defendant of his con-
stitutional right to be present during every material step
in the progress of the trial, and if the Court can deny to
the defendant the right to be present during a part of the
trial, then it could finally deny the defendant the right to
be present at all during the trial, and it is respectfully sub-
mitted that to charge a part of the law is just as material
as to charge all of the law, and the mere fact that the Court
directed the stenographer to read the charge which the Court
had delivered in the absence of the prisoner could not cure
the defect, for the reason that the jury had already agreed
upon a verdict, and was sitting in the courtroom hearing

the charge read, with the verdict already written and in the hands of the foreman, and such proceeding was a vain and barren effort to cure the error which had been committed.

*Messrs. J. J. McSwain, Sam B. Craig and Carey & Carey,* for appellant, cite: *Absence of defendant during additional charge by the Judge was a denial of his Constitutional right under Article* 1, *Par.* 18, *Constitution* 1895: 8 R. C. L. 90; 5 Ark. 431, 41 Am. Dec. 102; 40 Mont. 325; 20 Ann. Cas. 398; 84 N. C. 812; 40 S. C. 363; 93 Pac. 159 (Kan.); 81 Miss. 391; 223 U. S. 442; 56 U. S. Law Ed. 500, Cas. 1913, C. 1138; 146 U. S. 1012; 13 Grat. 763; 110 U. S. 578. *Presence of attorney during additional charge could not amount to a waiver of defendant's right to be present:* Ann. Cases 1913, C. 1147, 1149, 1150; 114 S. W. 117 (Tex.) *Where party is physically unable to attend he cannot be said to have voluntarily absented himself:* 99 Miss. 486, 55 So. 43.

*Mr. J. Robert Martin, Solicitor,* for respondent.

June 30, 1921.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of Judge DeVore refusing to grant a new trial. The following is a statement of facts:

"The defendant was tried upon the charge of murder at the September, 1920, term of Court for Pickens County. The jury rendered a verdict of 'guilty of manslaughter, with recommendation to mercy,' and defendant thereafter sentenced to serve three years in the State penitentiary at hard labor, or for a like period upon the public works of Pickens County. After the Court had charged the jury, and the jury had retired to their room, the defendant was carried to the jail by the sheriff without his request and against his will, and while said defendant was so confined

in jail the jury returned into the courtroom and asked for further instructions with reference to the law of self-defense, and the presiding Judge charged the jury as to self-defense in the absence of the defendant, and sent them back for further deliberations, and said defendant did not waive his right to be present by counsel or otherwise. Thereafter the jury returned and announced that it had agreed upon a verdict and the presiding Judge had the defendant brought into Court and explained to the jury that he had charged them concerning self-defense in the absence of the defendant, and had the stenographer read the charge so delivered relating to self-defense in the defendant's absence, and requested that the jury hand in their verdict."

The exceptions are three in number, and will be set out in the report of the case. The exceptions must be sustained, and a new trial granted.

When the jury retired, the defendant was carried to jail against his will, and was there when the Judge charged the jury at their request. He had the right to be present, under the law of the land and the well-settled rule of public policy. Nothing can be done by the Court in a trial for felony, after the jury is sworn and impaneled, unless the defendant is personally present. He has a right to be present at every part of the trial proper to hear the evidence, to hear the Judge's charge, to see, know, and hear what the Judge says when he communicates with the jury, in answering their questions or further instructing them, unless he absents himself under such circumstances as was done in *State v. Bramlett,* 114 S. C. 389, 103 S. E. 755.

The defendant in this case was not absent voluntarily, at his request, and of his own volition, as Bramlett was, but was locked up and away from the Court when the Judge further instructed the jury. He had the right to be present under the decisions of this Court as announced in *State v. Atkinson,* 40 S. C. 368, 18 S. E.

1021, 42 Am. St. Rep. 877, and *State v. Haines,* 36 S. C. 504, 15 S. E. 555. The presence of the attorney of the defendant was not a waiver on his part.

In a trial for capital felony, no waiver is binding 3 on accused, unless he himself makes the waiver in open Court, and there are some constitutional privileges that he cannot himself waive. All exceptions are sustained, judgment reversed, and new trial granted.

New trial.