■ In the Matter of EDWARD S. (ANONYMOUS), Appellant.— In a proceeding under article 7 of the Family Court Act, the appeal is from an order of the Family Court, Suffolk County, dated April 6, 1971, which, upon prior adjudications that appellant is a juvenile delinquent, under petitions bearing Docket Nos. D-531-70 and D-690-70, committed him to the New York State Training School for Boys at Otisville for an indefinite period not to exceed 18 months. Order reversed, on the law, and proceeding remitted to the Family Court (1) for a *de novo* fact-finding hearing on the issue of delinquency in case No. D-531-70 and (2) for a *de novo* disposition in case No. D-690-70 consistent with the views set forth hereinbelow. The findings of fact below in case No. D-690-70 are affirmed. The findings of fact in case No. D-531-70 have not been considered. In our opinion it was a gross abuse of discretion to commit this infant to the State Training School under these petitions, even if we were to assume his guilt under both. The record indicates that the commitment was made solely because the infant's heart condition made him unacceptable to Lincoln Hall, a private residential treatment center, where his placement was otherwise appropriate, and only because the Probation Department and the Family Court could not readily locate another suitable philanthropic institution. The use of the State Training School for this purpose is totally unwarranted and abusive of the court's power (cf.

*Matter of Jeanette P.*, 34 A D 2d 661). Accordingly, a new disposition is required. The Family Court should not exclude the possibilities of returning the infant to his parents under suitable supervision, placing him in a foster home, or placing him with an appropriate agency. With reference to case No. D–531–70, it is clear from the record that appellant was not warned of his right to remain silent at his fact-finding hearing on October 20, 1970. This warning is required under the governing statute (Family Ct. Act, § 741, subd. [a]) and under the applicable decisions (*Matter of Gault*, 387 U. S. 1; *Miranda* v. *Arizona*, 384, U. S. 436; *Matter of Gregory W.*, 19 N Y 2d 55; *Matter of William L.*, 29 A D 2d 182). That case is therefore remitted to the Family Court for *de novo* proceedings (*Matter of William S.*, 31 A D 2d 548). Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.