19903

The STATE, Respondent, v. Richard BRADLEY, Appellant.
The STATE, Respondent, v. Marshall Eugene WEAVER, Appellant (two cases).
(209 S. E. (2d) 435)

*Robert Marshall Jones, Esq.,* of Rock Hill, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Robert M. Ariail, Asst. Atty. Gen.,* and *Richard P. Wilson, Staff Attorney,* of Columbia, *for Respondent,*

October 30, 1974.

*Per Curiam:*

In separate trials in General Sessions Court for York County, the appellants, Weaver and Bradley, were convicted of selling LSD. Separate sales were involved, but both appellants preliminarily pled entrapment and claimed that one James Hunter, an alleged informer, was a material witness to this defense.[1] They moved jointly for a continuance on the ground that the sheriff had been unable to locate Hunter to serve subpoenas duly issued for his attendance as a witness. Their appeals from the refusal of this motion have been consolidated pursuant to Rule 26.

The motion for a continuance was addressed to the sound discretion of the circuit judge, subject to review only for abuse of discretion. Suffice it to say that the showing made in support of the motion fell far short of justifying a holding that its refusal was an abuse of judicial discretion.

On the day after his conviction, and before he was sentenced, Weaver entered a plea of guilty to an additional indictment charging him with the sale of amphetamines. He was then sentenced to ten years on each offense to be served concurrently. The transcript of record in his appeal contains

---

[1] By his testimony denying making the sale or possessing LSD, Weaver abandoned the special defense, which was not submitted to the jury in his case.

the statement that "(n)otice of Intention to Appeal in both cases was timely served on October 4, 1973," and includes the following exception:

"That the Court erred in making statements off the record to the Defendant and his attorney which tended to coerce the Defendant into pleading guilty; the error being that such remarks denied the Defendant his right to a fair trial before an impartial jury."

No claim having been asserted in the trial court that the plea was involuntarily entered, and the contrary having been solemnly avowed, under the familiar rule that an issue which has not been presented to or passed upon by the trial court will not be considered on appeal, this exception raises no question for determination by us. 7A West's South Carolina Digest, Criminal Law Key No. 1028 (1971).

We add that while the record suggests some impermissible meddling by the court in plea bargaining, it lends no support to a charge of coercion.

Affirmed.

