In the Matter of JAMES K. (ANONYMOUS), Appellant.—The notice of appeal states that the appeal is from an order of the Family Court, Dutchess County, dated July 9, 1974. We deem the notice of appeal to have instituted appeals from six orders of said court, including said order of July 9, 1974, the other five of which are dated July 31, 1974. Said five other orders were made in four separate proceedings, after hearings, as follows: (1) two of the orders (Docket No. S-433-74) upon an adjudication that appellant is a person in need of supervision (PINS) and directed that he be placed with a facility of the Division for Youth (one of those orders vacated the order of July 9, 1974); (2) one of the orders (Docket No. S-96-74) adjudicated appellant a PINS and suspended judgment for six months; and (3) two of the orders (Docket Nos. D-1277-74; D-1278-74) each adjudicated appellant a juvenile delinquent and suspended judgment for 12 months. Permission for the taking of the appeals from the latter three orders is hereby granted. Appeal from the order of July 9, 1974, dismissed as academic, without costs. That

order was vacated by one of the orders of July 31, 1974. The typewritten order under Docket No. S-433-74 (not on a printed form) dated July 31, 1974 is modified, on the law and the facts and in the exercise of discretion, by deleting therefrom the third decretal paragraph and said order is affirmed as so modified, without costs; the four other orders dated July 31, 1974 are reversed, on the law and the facts and in the exercise of discretion, without costs; and all the proceedings are remanded to the Family Court, for new dispositional hearings in Docket Nos. S-433-74 and S-96-74 and for new adjudicatory hearings in Docket Nos. D-1277-74 and D-1278-74. Appellant was adjudicated a person in need of supervision on two petitions which alleged his illegal absence from school during successive periods of time. At the dispositional hearing, despite the recommendation of the probation department that he be placed on probation, appellant was given a suspended judgment for six months on one petition and placed with the Division for Youth, Title III (State Training School) on the other. At the same time, he was arraigned and adjudicated a juvenile delinquent on two other petitions which alleged, respectively, the theft and subsequent sale of a tape recorder for $10 and judgment was suspended for 12 months in each of these two other proceedings. It appears from the record that neither appellant nor his mother were advised of his right to remain silent at the fact-finding hearings on the delinquency petitions; nor were they advised of the consequences of his admission to any of the facts (see Family Ct. Act, § 741; *Matter of B.,* 44 AD2d 567; *Matter of S.,* 37 AD2d 977). The admission of an involuntary statement by a juvenile at an adjudicatory hearing is violative of due process *(Matter of Gault,* 387 US 1; *Matter of W.,* 19 NY2d 55; *Matter of D.,* 30 AD2d 183). We, therefore, direct new fact-finding hearings on the delinquency petitions. We suggest that the Judge presiding at these hearings make specific findings of fact as to the voluntariness of any statement made thereat *(Matter of D.,* 27 NY2d 90, 95–96). Further, on this record, appellant's placement in a training school was an improvident exercise of discretion. It would be appropriate to have a psychological report, including an educational evaluation, prior to disposition. Unless contraindicated by other facts developed upon the hearing, it would appear that appellant should be placed on probation. Gulotta, P. J., Rabin, Hopkins, Munder and Shapiro, JJ., concur.