20240

The STATE, Respondent, v. Thomas Earl FULLER, Appellant.
(225 S. E. (2d) 866)

*Thomas J. Thompson, Esq.,* of Laurens, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker* and *Robert N. Wells, Jr., Asst. Attys. Gen.,* of Columbia, and *William T. Jones, Sol.,* of Greenwood, *for Respondent,*

June 10, 1976.

RHODES, Justice.

Appellant, Thomas Earl Fuller, having been convicted by a jury of housebreaking and grand larceny, was sentenced to fifteen (15) years imprisonment. This appeal alleges error on the part of the trial judge in denying a motion for continuance of the case and in charging that if one be found in possession of recently stolen goods the inference is created that he is the thief. We affirm.

Prior to the beginning of the trial on March 3, 1975, defense counsel moved for a continuance of the case on the ground that two essential defense witnesses were not present. Defense counsel stated that these witnesses were in "parts unknown" and could not be found although subpoenas had been issued. The record reflects that the sheriff had made extended but unsuccessful efforts to locate the witnesses. Defense counsel did not comply with the formal requirements of Circuit Court Rule 27 in making the motion for continuance.

A motion for continuance based upon the absence of a witness is addressed to the sound discretion of the trial judge, and his ruling will not be disturbed ab-

sent an abuse of discretion. *State v. Bradley,* 263 S. C. 223, 209 S. E. (2d) 435 (1974). We find no abuse of discretion.

The remaining contention of appellant is that the trial judge erred in charging the principle of law that there is an inference that one found in possession of recently stolen goods is the thief. Appellant concedes that the principle of law was correctly stated by the trial judge, but contends that the evidence was insufficient to warrant the charge.

There was testimony by James R. Jacks, Jr. that on September 5, 1974, his shotgun, pistol, and approximately $120.00 were stolen from his home. In his testimony, Jacks positively identified a gun and pistol, which were later entered into evidence by the State, as being the gun and pistol which were stolen. Appellant gave a written statement on September 6, 1974, in which he admitted that he had broken into the Jacks' house and had stolen a gun, pistol and $120.00. This statement was admitted into evidence and appellant's exception thereto has been abandoned on appeal. An officer testified that appellant's mother brought the gun and pistol to the sheriff's office on September 7, 1974, after she had conferred with her son.

From the above recital of evidence, it can be inferred that appellant had possession of the gun and pistol, instructed his mother where these items were located, and told her to bring them to the sheriff's office. The charge in question was warranted by the evidence. We find no merit in appellant's contention.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.