■ In the Matter of JOHN R., Appellant.—In juvenile delinquency proceedings, the juvenile appeals from two orders of the Family Court, Richmond County, both dated August 25, 1978, which after separate fact-finding determinations adjudging him to be a juvenile delinquent on his

pleas of guilty, placed him with the Division for Youth, Title III, for an initial period of 18 months. Orders reversed, on the law, without costs or disbursements, fact-finding determinations vacated, and proceedings remitted to the Family Court for new fact-finding hearings. In our opinion both pleas of the appellant, who was under the age of 16 when they were taken, must be vacated and new fact-finding hearings conducted. In each instance the court's interrogation of appellant was inadequate and superficial. With respect to the allegations that appellant committed acts which, if committed by an adult, would constitute the crime of criminal mischief in the fourth degree, the Judge conducting the plea allocution did not elicit any factual statements from appellant that he (appellant) had intentionally started the fire in the garage as charged in the delinquency petition. It should also be noted that appellant was charged with acting in concert with another youth in setting fire to the subject garage. However, in taking the plea the Judge not only failed to ascertain from appellant relevant facts as to the nature of the offense, but also did not have him divulge the role he played in its commission. A trial court should not accept a general and oblique admission of guilt without any elaboration of the accused's individual behavior *(People v Burton,* 28 AD2d 686; cf. *People v Serrano,* 15 NY2d 304). Similarly, the Judge who accepted appellant's guilty plea to the charge of unlawful possession of a weapon by a person under the age of 16 years, did not elicit from the appellant sufficient factual information to sustain such charge. Specifically, no description of the knife was elicited nor was any factual statement made by appellant, consistent with the allegations contained in the petition, that he used the knife in a menacing fashion and threatened to stab the petitioner with it. Furthermore, the Judge taking such plea never asked appellant whether he wished to waive his rights to a trial, or to confront and cross-examine witnesses, etc. Instead, he merely advised appellant, in the presence of his mother, that he could "waive the right to a trial and make an admission." Shortly thereafter the Judge perfunctorily asked appellant: "Do you want to make an admission or do you want to have a trial?" Based on appellant's response that he would make an admission, the plea was taken without further inquiry. It also appears from the record that at neither plea taking proceeding was appellant or his mother adequately advised of the consequences of appellant's admission to any of the alleged facts. Waiver by a juvenile appellant and his mother cannot be presumed from what is, for all intents and purposes, a silent record *(see Matter of James K.,* 47 AD2d 946). When an alleged juvenile delinquent waives his or her constitutional rights and pleads guilty, painstaking efforts should be made by the court to make sure that such juvenile and his parent or parents understand the consequences of the waiver and plea, and that the accused committed an act which constituted the alleged offense and which furnished a basis for the plea (cf. *People v Gina M. M.,* 40 NY2d 595, 597). Accordingly, the orders of the Family Court should be reversed, the pleas vacated, and the proceedings remitted for further proceedings in accordance herewith. Mollen, P. J., Hopkins, Titone, O'Connor and Shapiro, JJ., concur.