The latter would be defensible; but the former, as I understand the holding, cannot be squared with our relevant cases, the most recent being *Dunaway* v. *New York,* 442 U. S. 200 (1979), which was not issued until after the decision below. It is frequently said that we review judgments, not opinions, and it is true that certiorari is sometimes denied when a judgment can be defended on a ground not relied on by the court below. But to avoid possible misapprehension by Mississippi law enforcement officers that investigative detentions on less than probable cause are constitutionally acceptable, I would at least vacate the judgment of the Mississippi Supreme Court and remand it to that court for reconsideration in the light of *Dunaway* v. *New York, supra.*

No. 79–5247. SHAW v. SOUTH CAROLINA. Sup. Ct. S. C.;
No. 79–5376. JONES v. GEORGIA. Sup. Ct. Ga.; and
No. 79–5395. SPIVEY v. ZANT, WARDEN. Super. Ct. Ga., Butts County. Certiorari denied. Reported below: No. 79–5247, 273 S. C. 194, 255 S. E. 2d 799; No. 79–5376, 243 Ga. 820, 256 S. E. 2d 907.

MR. JUSTICE BRENNAN, dissenting.

Adhering to my views that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 227 (1976), I would grant certiorari and vacate the death sentences in these cases.

No. 78–1512. SCHWARTZ v. GILSTER, SHERIFF, *ante,* p. 825;
No. 78–1911. ROBERT L. GUYLER CO. v. UNITED STATES, *ante,* p. 843;
No. 78–6657. SAYLES v. UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT ET AL., *ante,* p. 820;
No. 78–6695. PRESNELL v. GEORGIA, *ante,* p. 885; and
No. 78–6733. BARNETT ET UX. v. COX, U. S. DISTRICT JUDGE, ET AL., *ante,* p. 821. Petitions for rehearing denied.