21423

Joseph Carl SHAW, Appellant, v. STATE of South Carolina, James C. Anders and Daniel R. McLeod, Respondents.

(277 S. E. (2d) 140)

*Kenneth M. Suggs, John D. Delgado, and Richard Burr,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Senior As*st. *Atty. Gen. Brian P. Gibbes, Asst. Atty. Gen. William K. Moore and Staff Atty. Donald J. Zelenka,* Columbia, *for respondents.*

April 1, 1981.

Lewis, Chief Justice:

This case was previously before the Court by way of direct appeal. See *State v. Shaw,* 273 S. C. 194, 255 S. E. (2d) 799. Therein we meticulously considered the allegations of error regarding appellant's guilty plea and his subsequent sentence of death pursuant to Section 16-3-10, et seq., South Carolina Code of Laws, 1976. The appellant has since filed a petition for Post Conviction Relief under the provisions of Section 17-27-10, et seq. His petition was denied. We affirm.

We note at the outset that all-encompassing review of this Court of the appellant's previous direct appeal and the redundancy of certain allegations alleged to warrant post conviction relief. As a result, we need not reach some of the assignments of error presently pursued by the appellant.

At the start of his post conviction hearing, the appellant filed a motion alleging the hearing judge had a personal bias

in the case which required his recusal. His motion was denied, and he now argues that he is entitled to remand for a new post conviction hearing because the hearing judge erred in failing to disqualify himself from presiding over his post conviction proceedings. We disagree that he is entitled to relief.

Evidence submitted by the appellant's lawyers indicated that certain criminal defense lawyers were present in the hearing judge's chambers at a time prior to sentencing of the appellant to death by another judge. At that time, the hearing judge in these proceedings, which are currently before the Court, allegedly said that he and another judge had already discussed the matter concerning the appellant with the sentencing judge and that if the appellant was not sentenced to death, the sentencing judge would be holding court in some remote part of the State. The statement was made in the judge's chambers to public defenders who were well-known to the judge. They additionally indicated that the statement was made in an "off-hand and joking manner by Judge Peeples" (the hearing judge).

Supreme Court Rule 33 contains our *Code of Judicial Conduct*. It provides in relevant part:

(C)  Disqualification

(1)  A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:

(a)  he has a personal bias or prejudice concerning a party . . .

Our Court has apparently not specifically considered the authority of a judge to resolve a motion for disqualification of which he is the subject. After much consideration of the authorities, we conclude that as a general rule the judge, in determining whether to proceed, must accept as true the factual allegations of a motion to disqualify. However, this does not prevent the judge from exercising his

right to consider the legal sufficiency of those facts. See *Berger v. U.S.,* 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481; *U.S. v. Hoffa* (6th Cir.), 382 F. (2d) 856, *cert. den.* 390 U.S. 924, 88 S.Ct. 854, 19 L.Ed. (2d) 984. Additionally, the fair meaning of any remark must be interpreted in the light of the context in which it is uttered in determining whether the remarks show personal bias or prejudice on the part of the judge sufficient to require that he be disqualified. *U.S. v. Birrell,* (D.C.), 276 F. Supp. 798. With these premises in mind, we consider the record.

Assuming the truth of the factual allegations, we think the only reasonable view of the facts alleged are that they indicate an attempt at levity to ease the tensions created by the magnitude of the case concerning Mr. Shaw, rather than any actual personal bias on the part of the judge. Neither of the judges who allegedly discussed the sentencing judge's assignments has any authority or ability to affect a judge's assignment. Under our State's Constitution, this authority rests exclusively with the Chief Justice. The attorneys to whom the statements were made were well-known to the judge as public defenders who are dedicating all of their talents and energies to the defense of others. It is totally unreasonable to conclude that a judge would make such a statement and thereby reveal actual improper conduct to the public defenders, if such actions had actually occurred. In fact, the affidavits belie the conclusion of actual personal bias or improper conduct. They indicate that the comments, if made, were made in a joking manner. The fact that a more reflective manner might have been used to ease the obviously sobering discussion is insufficient, under the facts of this case, to require the judge's disqualification.

Our conclusion is further supported by the denial of the hearing judge that he made the statement attributed to him, his denial of any personal bias or prejudice in this matter, and his affirmance that he could conduct a fair and impartial hearing. The fair and impartial manner in which the pro-

ceedings were conducted evidences a complete lack of any personal bias.

In view of the total lack of any reasonable basis for the charge of bias and prejudice on the part of the trial judge, we conclude that he properly ruled on the motion to recuse.

Of course, the question of recusal of the judge who presided at the post conviction hearing was designed, ultimately, to reach the issue of whether the alleged statements adversely affected the ability of the sentencing judge to consider the matter in an unbiased manner. Alleged errors in the refusal to subpeona the sentencing judge in an attempt to develop prejudice on his part are of no consequence in view of the absence of proof that the nature of the statements, if made, were such as to create a likelihood that they adversely influenced him. There is no intimation that anyone contacted him for the purpose of influencing his decision. The alleged statements were admittedly, jokingly made, if made at all. The sentencing judge also denied any contact of the nature charged. We find the charges of bias and prejudice on the part of the trial judges in this case to be completely without foundation.

Next, the appellant asserts that he was denied effective assistance of counsel in the proceedings resulting in his plea of guilty and subsequent sentence. More particularly, he argues that his counsel was ineffective because the defense strategy was chosen, developed and asserted without appropriate legal and factual investigation and planning. He therefore concludes that since the representation he received was not within the normal competency of lawyers in criminal work, he is entitled to have his conviction and sentence vacated and his case remanded for a new trial. The lower court judge disagreed and we think rightfully so.

The State concedes that *Marzullo v. Maryland*, (4th Cir.), 561 F. (2d) 540 controls the standard of review of the defense counsel's actions, but argues that the representation

of the appellant's counsel was qualitatively commensurate with the task and exceeded that which is required. We agree.

With regard to this issue, the presentation of the appellant's current counsel has been exhaustive and has left no stone unturned. We have thoroughly and meticulously considered these arguments of counsel. An in-depth recitation would serve no purpose, for in the final analysis they have as a bedrock the hindsight quibbling over trial tactics which are not a sufficient basis to warrant post conviction relief. The actions and decisions of the trial counsel are not to be measured in terms of results, but rather in terms of the previously dicussed level of competency. We find that representation in this case far exceeded that level.

The able judge who heard appellant's present application for post conviction relief has entered a detailed order in which the various questions presented have been analyzed and decided. We agree with his findings. Further dicussion of the contentions of appellant would serve no useful purpose.

We agree that the record conclusively shows that appellant, ably represented by competent counsel, freely, voluntarily, and understandingly pled guilty to murder as charged, and, after a trial, free of prejudicial error, was sentenced to death.

The record contains substantial evidence that appellant was the ringleader and triggerman in a crime which included, among other things, the deliberate, premeditated and intentional murder of two teenagers, accompanied by acts which constituted aggravating circumstances under the death penalty statute. Section 16-3-20, South Carolina Code of Laws, 1976, as amended. The record amply supports the conclusion that appellant was criminally respsonsible for his acts and knew the difference between right and wrong. His conduct exhibited the characteristics of a brutal, sadistic murderer who apparently derived pleasure from watching a fourteen year-old victim cry and beg for mercy before being murdered. Under the law and the facts,

appellant's sentence was neither arbitrary or disproportionate for the offenses he committed.

The judgment is, accordingly, affirmed.

LITTLEJOHN and GREGORY, JJ., and JOSEPH R. Moss and WILLIAM L. RHODES, JR., Acting Associate Justices, concur.

NESS and HARWELL, JJ., not participating.