21788

The STATE, Respondent, v. Wardell PATTERSON, Jr., Appellant.
(295 S. E. (2d) 264)

320

*David I. Bruck,* of *S. C. Com'n of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Sr., Asst. Atty. Gen. Brian P. Gibbes* and *Asst. Atty. Gen. Lindy Pike Funkhouser,* Columbia and *Sol. William L. Ferguson,* York, *for respondent.*

September 13, 1982.

GREGORY, Justice:

Appellant pled guilty to armed robbery and murder and was sentenced to death as recommended by a jury. We vacate the guilty plea and death sentence and remand for a new trial.

We raise the validity of appellant's guilty plea and ▪ sentencing proceedings *ex mero motu,* although no exception was taken and no argument was made by counsel. On appeal from a murder conviction in which the death penalty is imposed, this court reviews the entire record for prejudicial error *in favorem vitae,* regardless of whether the error was properly preserved for review. *State v. Shaw,* 273 S. C. 194, 255 S. E. (2d) 799, cert. den. 444 U. S. 957, 100 S. Ct. 437 62 L. Ed. (2d) 329 (1979); *State v. Boone,* 228, S. C. 438, 90 S. E. (2d) 640 (1956).

Appellant and three codefendants were indicted for the August 18, 1980 armed robbery and murder of Ted Bryant Graham while he was working in a Fast Fare convenience

store in Fort Mill, South Carolina. On October 29, 1980, after a jury was impaneled, appellant pled guilty to murder and armed robbery, conditioned on his being sentenced by the jury. Two of appellant's codefendants were tried and found guilty of murder and armed robbery on October 31, 1980. After the sentencing hearing, the trial jury recommended a death sentence for appellant and life sentences for his two codefendants. The judge then imposed those sentences.

Section 16-3-20(B) of the 1976 South Carolina Code [Cum. Supp. 1981] provides in pertinent part:

> Upon conviction or adjudication of guilt of a defendant of murder, the court shall conduct a separate sentencing proceeding to determine whether the defendant should be sentenced to death or life imprisonment. The proceeding shall be conducted by the trial judge before the trial jury as soon as practicable after the lapse of twenty-four hours unless waived by the defendant. If the trial jury has been waived by the defendant and the State, or *if the defendant pleaded guilty, the sentencing proceeding shall be conducted before the court.* . . . [Emphasis added]

Although Section 16-3-20(B) is imprecisely drafted, the portion emphasized above clearly governs sentencing after a plea of guilty to murder. It specifies the sentencing hearing shall be "before the court" if the trial jury has been waived or if the defendant plead guilty. When read in the context of the entire subsection, the word "court" obviously refers to the trial judge.

In this case, appellant's counsel informed the solicitor and the trial judge that appellant would plead guilty if the jury recommended his sentence. The solicitor argued vigorously there is no constitutional right to jury determination of sentence and the statute does not offer a defendant that option. The trial judge ruled a defendant has the statutory right to a jury determination of punishment and made that condition part of appellant's recorded plea bargain. In so ruling, the trial judge erred.[1]

---

[1] This issue was raised in *Shaw v. State*, 276 S. C. 190, 277 S. E. (2d) 140 (1981). Shaw was sentenced to death by the trial judge after pleading guilty. He argued the S. C. Death Penalty Act was unconstitutional in that it violated his right to a jury determination of punishment. This Court upheld the constitutionality of the Act in its entirety.

The question arises whether we must remand the case for a new sentencing proceeding before the trial judge or vacate the guilty plea and remand for a new trial altogether.

A plea of guilty is more than an admission of conduct; it is a conviction which leaves only the punishment to be determined. A defendant who pleas guilty simultaneously waives several constitutional rights, including the privilege against compulsory self-incrimination, the right to trial by jury and the right to confront his accusers. For such a waiver to be valid under the due process clause, it must be an intentional relinquishment or abandonment of a known right or privilege. Further, the record must clearly establish waiver. *Boykin v. Alabama*, 395 U. S. 238, 89 S. Ct. 1709, 23 L. Ed. (2d) 274 (1969).

The U. S. Supreme Court has held that the taking of a plea must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U. S. 257, 262, 92 S.Ct. 495, 498-499, 30 L. Ed. (2d) 427 (1971).

We hold appellant's guilty plea and sentence must be vacated because a significant inducement for entering the plea was the condition that the jury determine punishment, an impermissible condition under the statutory mandate that the trial judge alone determines punishment when a defendant pleads guilty to murder.

Because of our disposition of this matter, we need not address appellant's numerous exceptions.

Accordingly, appellant's guilty plea and death sentence are vacated and the case remanded for a new trial.

Remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.