22450

In The Interest of DWAYNE M., a minor under the age of seventeen years, Appellant.

(339 S. E. (2d) 130)

Supreme Court

*Elizabeth C. Fullwood, Deputy Chief Atty., S. C. Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.*, Columbia, and *Sol. Randolph Murdaugh, Jr.*, Hampton, *for respondent.*

Heard Dec. 10, 1985.

Decided Jan. 16, 1986.

NESS, Chief Justice:

Appellant was adjudicated a delinquent for the offenses of committing a lewd act on a minor and indecent exposure. We reverse and remand for a new trial.

The victim, Melody, was five years old when the offense occurred and six years old at the time of trial. When the solicitor called Melody to the stand, the judge, *sua sponte*, ordered everyone to leave the courtroom except the attorneys and the court reporter. The judge denied defense counsel's request that appellant be allowed to remain. The judge's action was apparently based on Melody's young age.

Appellant alleges constitutional error in requiring him to leave the courtroom during Melody's testimony. We agree.

A defendant has a constitutional right to be present at every stage of the criminal proceeding against him. *Ellis v. State*, 267 S. C. 257, 227 S. E. (2d) 304 (1976); *State v. Bramlett*, 114 S. C. 389, 103 S. E. 755 (1920). He has a right to hear the evidence presented against him. *State v. James*, 116 S. C. 243, 107 S. E. 907 (1921). The right to be present and to confront witnesses applies in juvenile court proceedings in the same manner as in criminal court proceedings. *In Re Gault*, 387 U. S. 1, 87 S. Ct. 1428, 18 L. Ed. (2d) 527 (1967). The right to be present during trial may be waived. *State v. Green*, 269 S. C. 657, 239 S. E. (2d) 485 (1977). A defendant may be excluded from the courtroom when his conduct is disruptive or is interfering with the progress of the trial. *Illinois v. Allen*, 397 U. S. 337, 90 S. Ct. 1057, 25 L. Ed. (2d)

353 (1970); see also 23 S. C. L. R. 127. Here appellant did not waive his right to be present, and there is no indication in the record he was disruptive in any manner.

While the right to be present is a substantial one, there is no presumption of prejudice. *State v. Smart,* 278 S. C. 515, 299 S. E. (2d) 686 (1982). However, under the facts of this case, the mandatory exclusion of appellant from the courtroom during this critical testimony cannot be regarded as harmless.

Reversed and remanded.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.