22640

The STATE, Respondent v. Jimmie WHALEY, Appellant.

(351 S. E. (2d) 340)

Supreme Court

*William T. Toal,* of *Johnson, Toal & Battiste; William L. Pyatt,* of *Pyatt and Smalls;* and *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Norman Mark Rapoport,* Columbia; and *Sol. Charles M. Condon,* Charleston, *for respondent.*

Heard Oct. 7, 1986.

Decided Dec. 15, 1986.

GREGORY, Justice:

Appellant was convicted of murder and sentenced to life imprisonment. He contends he is entitled to a new trial because the trial judge conducted a portion of the jury voir dire in appellant's absence. We affirm.

Several members of the jury venire responded affirmatively to the trial judge's inquiry whether anyone had heard news media reports regarding appellant's case. The trial judge then examined these potential jurors on the record in chambers with only counsel present. The remainder of voir dire was conducted in appellant's presence.

Of the eleven jurors examined in chambers, four were excused for cause without objection and only one ultimately served on the jury panel. Appellant did not exhaust his peremptory challenges. Appellant has not argued he was prejudiced by his exclusion and in fact he conceded at oral argument that the jury panel was composed of fair and impartial jurors.

A defendant has a constitutional right to be present at every stage of the criminal proceeding against him. *In re: Dwayne M.*, 287 S. C. 413, 339 S. E. (2d) 130 (1986); *Ellis v. State* 267 S. C. 257, 227 S. E. (2d) 304 (1976); *cf. United States v. Gagnon*, 470 U. S. 522, 105 S. Ct. 1482, 84 L. Ed. (2d) 486 (1985) (defendant's presence is a condition of due process only to the extent required to ensure fundamental fairness). Although the right to be present is a substantial one, no presumption of prejudice arises from a defendant's exclusion. *In re: Dwayne M., supra; State v. Smart*, 278 S. C. 515, 299 S. E. (2d) 686 (1982).

Although the trial judge improperly excluded appellant from voir dire, we find the error was harmless beyond a reasonable doubt. A criminal defendant is entitled to a fair trial, not a perfect one. *Rose v. Clark,* _____ U. S. _____, 106 S. Ct. 3101, 92 L. Ed. (2d) 460 (1986).

Appellant's remaining exceptions are without merit and are disposed of pursuant to Supreme Court Rule 23. *See State v. Pee Dee News Co.*, 286 S. C. 562, 336 S. E. (2d) 8 (1985) (hypothetical question); *Singletary v. State*, 281 S. C. 444, 316 S. E. (2d) 369 (1984) (reasonable doubt).

Accordingly, the judgment of the lower court is

Affirmed.

NESS, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.