22814

The STATE, Respondent v. Adam RIVERS, Jr., Appellant.

(363 S. E. (2d) 105)

Supreme Court

*Walter B. Brown, Jr.,* Winnsboro, and *James B. Richardson, Jr.,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr., Carolyn M. Adams* and *Amie L. Clifford,* Columbia; and *Solicitor John R. Justice,* Chester, *for respondent.*

Heard Oct. 5, 1987.

Decided Dec. 7, 1987.

*Per Curiam:*

Appellant was convicted of manufacturing marijuana and criminal conspiracy in connection with an underground greenhouse facility discovered in Fairfield County. He was sentenced to consecutive terms of ten and five years and fined a total of $15,000. We reverse and remand for a new trial.

After the close of the State's case on the second day of trial, the forelady of the jury requested that the trial judge come to the jury room because a juror had been approached about the case by a third party. The jury did not wish to discuss the incident in open court.

After an initial discussion with the jury in the jury room, the trial judge ordered a further investigation of the matter. He then interviewed each juror in chambers, on the record but without counsel or appellant present, to determine whether the jury's impartiality had been impaired. Ap-

pellant contends this procedure violated his constitutional right to be present. We agree.

A defendant has a constitutional right to be present at every stage of the criminal proceeding against him. *State v. Whaley*, 290 S. C. 463, 351 S. E. (2d) 340 (1986); *In re Dwayne M.*, 287 S. C. 413, 339 S. E. (2d) 130 (1986). We hold this right applies when a trial judge conducts voir dire during the course of the trial to determine the jury's continued impartiality. Appellant's exclusion during this proceeding deprived him of the means to challenge the sufficiency of the trial judge's inquiry before the determination of impartiality. We therefore reverse appellant's conviction and remand this case for a new trial.

Reversed and remanded.