501 S.E.2d 128

**In the Interest of ARISHA K.S., a minor under the age of seventeen, Appellant.**

**No. 2845.**

Court of Appeals of South Carolina.

Submitted March 6, 1998.

Decided May 11, 1998.

Assistant Appellant Defender Robert M. Pachak, of the SC Office of Appellate Defense, Columbia, for appellant.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Columbia; and Solicitor Joseph J. Watson, Greenville, for respondent.

## PER CURIAM:

Arisha K.S. (Arisha) pleaded guilty to two charges for second degree lynching and one charge for strong armed robbery, and was sentenced to the Department of Juvenile Justice (DJJ) until released by the authority of the Juvenile Parole Board. We affirm.[1]

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel for Arisha attached to the final brief a petition to be relieved as counsel, stating that he had reviewed the record and concluded Arisha's appeal lacks merit. Although we dismiss the appeal and grant counsel's petition, we respond to the argument which Arisha's counsel raised in the appellate brief.

## FACTS

The State filed two petitions against Arisha, a thirteen-year-old juvenile, for acts which she allegedly committed at a

---

1. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

middle school. The first petition is based upon charges of second degree lynching and disturbing a school. The second petition included another charge of second degree lynching and strong armed robbery. In exchange for a plea of guilty to two counts of lynching second degree and strong armed robbery, the State agreed to dismiss the charge of disturbing a school and recommended a local evaluation.

During the adjudicatory hearing, the trial judge questioned Arisha about her plea. The following exchange occurred:

Court: Do you understand what's happening here today?

Arisha: Yes, ma'am.

Court: You have any questions for your attorney or the Court regarding what is happening here today?

Arisha: No ma'am.

Court: Your attorney has indicated that you will admit to these charges. Is that true?

Arisha: Yes, ma'am.

Court: Has your attorney done everything you've asked him to do or expected him to do in your representation?

Arisha: Yes, ma'am.

Court: Are you satisfied with his services?

Arisha: Yes, ma'am.

Court: Has anybody promised you anything to get you to admit to these charges?

Arisha: Yes, ma'am.

Court: What have they promised you?

Arisha: A local evaluation.

Court: Is that all that they've promised you?

Arisha: Yes, ma'am.

Court: Are you under the influence of any drugs, or alcohol or anything that could impair your judgment here today?

Arisha: No, ma'am.

Court: Do you understand by admitting to this charge that you're giving up your right to a trial?

Arisha: Yes, ma'am.

Immediately after this inquiry, the trial court requested the solicitor present the factual basis for the charges against

Arisha. As to the first charge of lynching second degree, the solicitor described the crime as follows:

> ... [T]hat occurred on October 3rd, 1995, at Sevier Middle School, the victim being one Yvette Voirel.... At that time she was sitting with her brother on the curb and the bus loading zone when the school bus pulled up with a load of individuals on it, and [Arisha] was one of them. She got off the bus with several other individuals. Some words were exchanged and a fight ensued, and the victim was Yvette.

Following this statement, the solicitor offered the following facts to support the second charge of lynching second degree and strong armed robbery:

> ... [T]hose occurred on October 29th, 1995 the victim being one Katrina ... Shell.... At that time, this individual, [Arisha], and another held down the victim and took $5 from her. That's all.

Without objection from Arisha's counsel, the trial court accepted the plea, adjudicated Arisha a delinquent, and approved a local evaluation.

At the dispositional hearing, DJJ recommended commitment to its facility, rather than probation basing its recommendation on Arisha's most recent school discipline referral of February 4, 1996. On the other hand, Arisha's counsel opposed the recommendation and asked for leniency stating that Arisha "ha[d] no prior adjudications of delinquency" and the "best thing for her would be ... probation." Arisha's Girl Scout leader informed the court that since her expulsion from school, Arisha had regularly participated in a community program sponsored by the City of Greenville.

After considering these recommendations, the trial court sentenced Arisha to DJJ until released by the Juvenile Parole Board.

## LAW/ANALYSIS

### I.

Arisha's counsel argues her guilty plea failed to comply with the mandates of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Counsel further argues a juvenile must be advised of three constitutional rights before the court may declare the juvenile's plea was knowingly entered. Those rights include the right to a trial, the right to confront

his accuser, and the privilege against compulsory self-incrimination.

■ Federal and state courts have long recognized the principle that a plea of guilty must be intelligently and voluntarily entered to be valid. In *Boykin*, the United States Supreme Court, added the requirement that the record must affirmatively disclose that a defendant, who pleaded guilty, entered his plea understandingly and voluntarily. *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The *Boykin* Court essentially made the requirements of Rule 11 of the Federal Rules of Criminal Procedure, which commands an enumeration of the specific federal constitutional rights that are waived upon a guilty plea, applicable to the states. *See also Id.; McCarthy v. United States*, 394 U.S. 459, 471–472, 89 S.Ct. 1166, 1173–1174, 22 L.Ed.2d 418 (1969) (concluding "prejudice inheres in a failure to comply with Rule 11, for noncompliance deprives the defendant of the Rule's procedural safeguards that are designed to facilitate a more accurate determination of the voluntariness of his plea").

In *State v. Armstrong*, 263 S.C. 594, 211 S.E.2d 889 (1975), our Supreme Court recognized the finality of a guilty plea when proper safeguards have been afforded a defendant in an adult criminal proceeding. Generally, "the [court] must be certain that the defendant understands the charge and the consequences of the plea and that the record indicates a factual basis for the plea." *Armstrong*, 263 S.C. at 598, 211 S.E.2d at 891. In *Armstrong*, our Supreme Court also acknowledged that the "court's warning should include an explanation of the defendant's waiver of constitutional rights and a realistic picture of all sentencing possibilities." *Id.*

A further explication of *Boykin* was set forth in *State v. Lambert*, 266 S.C. 574, 578, 225 S.E.2d 340, 342 (1976), wherein, our Supreme Court stated:

> The test established by *Boykin v. Alabama*, . . . is whether the record establishes that a guilty plea was voluntarily and understandingly made. If the record shows that the plea was so entered, then it is not silent as to the waiver of his constitutional rights. We do not read *Boykin* . . . to require that the trial judge direct the defendant's attention to each and every constitutional right and obtain a separate waiver of each. We believe that an enumeration of specific rights

waived is not required where the record otherwise reveals affirmative awareness of the consequences of a guilty plea. (citations omitted).

■ In accordance with *Boykin,* our Supreme Court held in *Lambert* a guilty plea may not be accepted unless it is voluntarily and understandingly made. *Lambert,* 266 S.C. 574, 225 S.E.2d 340. All that is required to knowingly and voluntarily enter a plea of guilty is that a defendant have a full understanding of the consequences of his plea and of the charges against him. *Simpson v. State,* 317 S.C. 506, 455 S.E.2d 175 (1995).

■ The United States Supreme Court has placed significant emphasis on the rights of juveniles. Over thirty years ago, the Court recognized that juvenile proceedings must be conducted with due process in accordance with constitutional safeguards. *Kent v. United States,* 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966) (discussing critical importance of fundamental due process and fair treatment afforded juveniles in waiver proceedings); *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) (recognizing adjudicatory hearing of delinquency in juvenile court should be governed by the basic procedural safeguards required by the Fourteenth Amendment due process clause which includes the right to notice of charges, to counsel, to confrontation, to cross-examination and to privilege against self-incrimination); *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (acknowledging standard of proof beyond a reasonable doubt was a constitutional mandate to be applied in a delinquency proceeding in addition to those rights required by *Gault* ). Like an adult, a child in a juvenile proceeding has a right to fundamental due process and thus, our courts must ensure that due process and fair treatment surround a juvenile's plea of guilty. *See In re Corey,* 291 S.C. 108, 352 S.E.2d 470 (1987); *In Interest of Dwayne M.,* 287 S.C. 413, 339 S.E.2d 130 (1986).

## II.

■ In our opinion, application of *Boykin* has been restricted by the practice which requires counsel to make an objection to the guilty plea before a defendant is entitled to a review of the voluntariness of his plea on direct appeal. *See State v. Bradley,* 263 S.C. 223, 209 S.E.2d 435 (1974) (finding defen-

dant who failed to assert at trial that his guilty plea was involuntarily entered, was precluded from consideration of such claim on appeal). In *State v. McKinney*, 278 S.C. 107, 292 S.E.2d 598 (1982), our Supreme Court declined to review for compliance with *Boykin's* requirements stating that absent a timely objection at a plea proceeding, the unknowing and involuntary nature of a guilty plea can only be attacked through the more appropriate avenue of post conviction relief. *Id.*

Even within the criminal context of juvenile proceedings, our Supreme Court has applied general error preservation rules. In *In the Interest of Antonio H.*, 324 S.C. 120, 477 S.E.2d 713 (1996), our Supreme Court held the issue of whether a minor was competent to enter a guilty plea was procedurally barred as that issue was not raised at the time of the plea, nor was it raised to the judge at the dispositional hearing.

In civil cases, our Supreme Court has protected the interests of juveniles by relaxing the general error preservation rule which requires a contemporaneous objection to preserve an issue for appellate review. The Court has stated "[t]he duty to protect the rights of minors has precedence over procedural rules otherwise limiting the scope of review and matters affecting the rights of minors can be considered by this court Ex mero motu." *Galloway v. Galloway*, 249 S.C. 157, 160, 153 S.E.2d 326, 327 (1967); *see also Cumbie. v. Cumbie*, 245 S.C. 107, 139 S.E.2d 477 (1964) (stating appellate courts are obligated to take notice of unpreserved issues since the rights of minors are involved and would be adversely affected); *Caughman v. Caughman*, 247 S.C. 104, 109, 146 S.E.2d 93, 95 (1965) (finding minors "are wards of the court of chancery, and the court will take notice of any error prejudicial to them, which is apparent on the record, even though not raised by appropriate plea or exception"); *accord Cox v. Cox*, 262 S.C. 8, 202 S.E.2d 6 (1974); *Stefan v. Stefan*, 320 S.C. 419, 465 S.E.2d 734 (Ct.App.1995).

In view of these authorities, we think a fundamental question arises whether the approach taken in the civil arena to protect the rights of minors is inconsistent with the approach in the criminal context of juvenile proceedings. We suggest the court's duty in determining whether a juvenile's guilty

plea is voluntarily and intelligently entered in a juvenile proceeding is greater than the duty of the court in similarly accepting an adult's plea in an adult criminal proceeding. *See In the Matter of Chavis,* 31 N.C.App. 579, 230 S.E.2d 198, 200 (1976) (stating proceeding involving a juvenile "does not lessen but should actually increase the burden upon the State to see that the child's rights are protected").[2]

By employing error preservation as a predicate to a *Boykin* review of a guilty plea, our state practice has not only effectively eviscerated any non-jurisdictional and constitutional defects emanating from a guilty plea, but has diminished the spirit and letter of the mandate enunciated in *Boykin.* To require juveniles to object to a guilty plea as a prerequisite to appellate review, arguably circumvents any effort by an appellate court to determine the voluntary and knowing nature of the guilty plea as mandated by *Boykin.*

Our concerns are shared by other state courts which have supported the view that a knowing and voluntary plea is so important that courts must be cautious in determining whether a juvenile understands the nature of the charges, the constitutional rights waived by a plea of guilty, and the acts sufficient to constitute the offense for which he is charged.[3] *See Chavis,* 31 N.C.App. 579, 230 S.E.2d 198 (finding court erred in adjudicating juvenile delinquent based on the juvenile's guilty plea where the record did not affirmatively show that the minor voluntarily and knowingly admitted the allegations); *In the Matter of John R.,* 71 A.D.2d 896, 419 N.Y.S.2d 625 (1979) (holding guilty plea to charge of criminal mischief in fourth degree had to be vacated since court's interrogation regarding such charge was inadequate and neither juvenile nor his mother was advised of consequences of his admission); *In re Brooks,* 112 Ohio App.3d 54, 677 N.E.2d 1229 (1996)

---

**2.** Under our Supreme Court's pronouncements in *Armstrong,* 263 S.C. 594, 211 S.E.2d 889, we are not satisfied that the State presented a factual predicate sufficient to establish the charges of second degree lynching.

**3.** We recognize the posture of this case is not on all fours with cases from some of the other jurisdictions, as those states have statutes which govern the acceptance of guilty pleas by juveniles. *See* N.C.Gen.Stat. § 7A–633(a) (1995). Nonetheless, these cases are illustrative of the point that a failure to object to a plea is not a bar to appellate review in a direct appeal.

(holding minor was deprived of due process because trial court did not inquire as to whether minor understood nature of charges, consequences of plea, and waiver of rights); *In re John D.*, 479 A.2d 1173 (R.I.1984) (ruling valid plea of guilty must affirmatively show that it was intelligently and voluntarily given, and made with full understanding both of what the plea connotes and of its possible consequences.)

## CONCLUSION

Our Supreme Court has consistently stated that "a plea of guilty is more than an admission of conduct; it is a conviction which leaves only the punishment to be determined." *State v. Patterson*, 278 S.C. 319, 322, 295 S.E.2d 264, 265 (1982). A juvenile who pleads guilty waives important constitutional rights, including the privilege against compulsory self-incrimination, the right to subpoena witnesses, the right to a trial, and the right to confront his accusers. Given the fundamental nature of the rights being waived and *Boykin*'s requirement that a waiver be not only voluntary, but also shown in the record, we invite our Supreme Court to review the appellate courts' prior holdings to the effect that a failure to object at trial to the voluntariness of a guilty plea precludes appellate review of all *Boykin* issues on direct appeal in juvenile cases. Nevertheless, present case law mandates affirmance of Arisha's adjudication of delinquency.

**AFFIRMED.**

HOWELL, C.J., CURETON and CONNOR, JJ., concur.