THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Roy Vance McElveen, Appellant.
 
 
 

Appeal From Richland County
 Reginald I. Lloyd, Circuit Court Judge

Unpublished Opinion No. 2006-UP-392
Submitted December 1, 2006  Filed December 6, 2006  

AFFIRMED

 
 
 
Assistant Appellate Defender Aileen P. Clare, South Carolina Office of Appellate Defense, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. Mcintosh, Assistant Deputy Attorney General Salley W. Elliott,
Assistant Attorney General Deborah R.J. Shupe, Office of the Attorney General, of Columbia, Warren Blair Giese, Fifth Circuit Solicitor's Office, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Roy Vance McElveen plead guilty to conspiracy to commit armed robbery and armed robbery.  The circuit court sentenced McElveen to five years on the conspiracy charge and twenty years on the armed robbery charge, both sentences to run concurrently.  On appeal McElveen argues his plea was not voluntarily and knowingly given, because he was not informed of the maximum or mandatory penalty.  We affirm.  
FACTS
On June 7, 2004, McElveen and another person attempted to rob Lucille Ogunji.  One month later, a Richland County Grand Jury indicted McElveen on one count of conspiracy to commit armed robbery and one count of armed robbery.  On May 31, 2005, McElveen, with assistance of counsel, plead guilty to both charges.  
Prior to accepting the guilty plea, the circuit court advised McElveen of his constitutional trial rights, including a right to a jury trial, right to counsel, and right to confront and challenge witnesses.  However, the circuit court failed to notify McElveen of the maximum or mandatory penalty for each offense.  
McElveen now contends his plea was invalid because the circuit court failed to advise him about possible sentences.  The State argues McElveen did not challenge the validity of his guilty plea before the circuit court; therefore, the issue is not preserved for appeal. 
LAW/ANALYSIS
The State argues the issue of the McElveens plea is not preserved for appeal.  We agree.
A failure to object at trial to the involuntary nature of a guilty plea precludes consideration of the issue on appeal.  State v. McKinney, 278 S.C. 107, 108, 292 S.E.2d 598, 599 (1982); see, e.g., State v. Bradley, 263 S.C. 223, 226, 209 S.E.2d 435, 436 (1974) (failure to assert
at trial a guilty plea was involuntarily entered precludes consideration of such a claim on appeal); In re Arisha K.S., 331 S.C. 288, 293, 501 S.E.2d 128, 131 (Ct. App. 1998) ([C]ounsel [is required] to make an objection to the guilty plea before a defendant is entitled to a review of the voluntariness of his plea on direct appeal.).  Absent timely objection at a plea proceeding, the unknowing and involuntary nature of a guilty plea can only be attacked through the more appropriate channel of Post Conviction Relief.  McKinney, 278 S.C. at 108, 292 S.E.2d at 599.
The record does not indicate McElveen objected to the guilty pleas at the plea proceeding.  Therefore, the issue is not preserved for our review.  The appropriate means of redress is a post-conviction relief proceeding.   
 CONCLUSION
Accordingly, the circuit courts decision is 
AFFIRMED. [1] 
ANDERSON, HUFF, and WILLIAMS, JJ., concur.

[1] We decide this case without oral arguments pursuant to Rule 215, SCACR.