**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Norris T. Steplight, Appellant.

Appellate Case No. 2013-000332

---

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

---

Unpublished Opinion No. 2014-UP-184
Submitted April 1, 2014 – Filed April 30, 2014

---

**AFFIRMED**

---

Barry Krell, Jerry Nicholas Theos, and Jeffrey Wayne Buncher, Jr., all of Uricchio Howe Krell Jacobson Toporek Theos & Keith, P.A., of Charleston, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia, for Respondent.

---

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:  *State v. Fairey*, 374 S.C. 92, 100, 646 S.E.2d 445, 448 (2007) ("[B]efore a defendant may be tried in absentia, the trial court must determine a defendant voluntarily waived his right to be present at trial, making findings of fact *on the record* that the defendant (1) received notice of his right to be present and (2) was warned that the trial would proceed in his absence." (emphasis added)); *State v. Shuler*, 344 S.C. 604, 626, 545 S.E.2d 805, 816 (2001) ("Denials of a defendant's right to be present, as well as other constitutional violations, are subject to a harmless error analysis."); *id*. ("Although the right to be present is a substantial right, no presumption of prejudice arises from a defendant's exclusion."); *State v. Gillian*, 360 S.C. 433, 455, 602 S.E.2d 62, 74 (Ct. App. 2004) ("Error is harmless [when] it could not reasonably have affected the result of the trial."); *Shuler*, 344 S.C. at 626, 545 S.E.2d at 816 (finding the defendant's absence during a pretrial hearing was harmless error when the defendant failed to allege either at trial or on appeal any facts not known to his counsel that would have been of consequence during the hearing and the evidence of guilt was overwhelming); *State v. Whaley*, 290 S.C. 463, 465, 351 S.E.2d 340, 341 (1986) (finding the trial court's exclusion of the defendant from portions of voir dire was harmless error).

**AFFIRMED.**[1]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.