## 18438

Charlotte Wenona CAUGHMAN, Appellant-Respondent, v. Ernest Benjamin CAUGHMAN, Elizabeth Caughman, Ernest Bruce Caughman, Willie Mae C. McCoy, Betty Jean C. McCary, John Q. Caughman, Reba C. DeVant and Kitty Faye Caughman, a minor over the age of 14 years, individually and as a class representing the children of Ernest Benjamin Caughman, *et al., etc.,* for whom Kneece and Kneece are, Appellants.

(146 S. E. (2d) 93)

*Messrs. Kneece & Kneece,* of Columbia, *for Appellant,*

*Messrs. Oxner & Oxner,* of Columbia, *for Appellant-Re-spondent,*

December 15, 1965.

BRAILSFORD, Justice.

In this equitable action, a sixty acre tract of land, about ten miles east of the City of Columbia, which was devised by the will of Lillian B. Caughman to her daughter, Charlotte W. Caughman, for her life and after her death to her children, with gift over in default of issue to the children of Ernest B. Caughman, a son of testatrix, has been sold for reinvestment by order of the court. The issues on this appeal are confined to attorney's fees, and only a brief background statement is necessary.

The genesis of the action was the desire of the life tenant to convert valuable but unimproved and non-income bearing real estate into property from which she might derive an income. The record indicates that she is of middle age, unmarried, childless, unskilled and incapable of earning an adequate support for herself.

The action was brought by Messrs. Oxner and Oxner, of the Richland County Bar, as attorneys for plaintiff. Ernest B. Caughman and his children and grandchildren, individually and as representatives of their respective classes, were named as defendants. Fictitious persons were also named as defendants to represent any unknown adults, minors or persons under disability claiming any interest in the real estate. Of the named defendants, one child of Ernest B. Caughman and ten grandchildren are minors.

The complaint alleged that plaintiff was in need of income from the property and that "it would be to her interest as well as that of the remaindermen that the property be sold the trust created by the will to follow and be transferred to the proceeds derived from the sale and the same be invested for her benefit for life with the funds to vest ultimately to those taking in accordance with the provisions of the will." No facts were alleged indicating that any benefit would or could accrue to any person other than the life tenant from the sale of the property.

Messrs. Kneece & Kneece, also of the Richland Bar, appeared as attorneys for Ernest B. Caughman and his five adult children. These parties vigorously contested plaintiff's right to the relief sought, alleging, in part, that a sale of the property, which was rapidly enhancing in value, would be to the great detriment of those who would become entitled to it upon the termination of the life estate.

The statement of the case indicates that "the minors and those under disability * * * were represented by Joe E. Berry, as attorney and guardian *ad litem* except Kitty Faye Caughman who was represented by her father, Ernest Ben-

jamin Caughman." Pleadings on behalf of the minors are not included in the record. However, their interests on the merits of the cause were identical with those of the adult defendants.

As already indicated, the action resulted in an order that the property be sold, and this has been accomplished at a price of $112,520.19, of which $20,000.00 in cash has been paid to the master and the balance has been evidenced by a note secured by a mortgage of the real estate.

By supplemental report the master recommended that from the cash proceeds of sale a fee of $11,500.00 be paid to the attorneys for plaintiff, and a fee of $4,000.00 be paid to the attorneys for the adult defendants.

Plaintiff alone excepted to the report, charging that the master erred: (1) In failing to recommend that the sum of $15,000.00 be paid to her attorneys as compensation for their services; (2) in allowing any fee to defendants' attorneys; (3) in recommending an excessive fee for defendants' attorneys; and (4) in other respects not now material.

The issues arising on the report and exceptions were argued before Honorable E. N. Zeigler as special judge. After diligent and conscientious consideration, apparent on the face of his order, he rejected the recommendations of the master and allowed a fee of $7,500.00 to plaintiff's attorneys and a fee of $1,500.00 to the attorneys for the defendants. Plaintiff and the adult defendants have appealed from the order.

Plaintiff's single exception challenges the authority of the court to reduce the fee recommended by the master for her attorneys, upon the ground that the master's report, not having been excepted to by the defendants, became the law of the case, "unless the Circuit Judge increased the fee." The adult defendants filed seven exceptions, all of which relate to the charge that the court erred in reducing the fee recommended by the master for their attorneys.

Thus, plaintiff has abandoned her challenge to the propriety of allowing a fee for defendants' attorneys. Both plaintiff and the adult defendants are appellants in behalf of the reinstatement of the fees recommended by the master. Neither side opposes the other in this court.

The record does not indicate that a position for or against the allowance of attorneys' fees was taken in behalf of the infant defendants at any stage of the proceedings below, and only plaintiff and the adult defendants are represented in this court. Especially in this situation, it is the duty of the court to protect the interests of defendants under legal disability. Such persons are wards of the court of chancery, and the court will take notice of any error prejudicial to them, which is apparent on the record, even though not raised by appropriate plea or exception. This duty applies on appeal to the circuit court from the report of a master or referee. It also applies on appeal to this court. In both courts, the duty to protect the rights of incompetents has precedence over procedural rules otherwise limiting the scope of review. *Jackson v. Walters,* S. C., 144 S. E. (2d) 422, filed October 6, 1965; *Cumbie v. Cumbie,* 245 S. C. 107, 139 S. E. (2d) 477; *Hodge v. DeLaine,* 137 S. C. 337, 135 S. E. 357; *Cagle v. Schaefer,* 115 S. C. 35, 104 S. E. 321; *McIver v. Thompson,* 117 S. C. 175, 108 S. E. 411. See also 43 C. J. S., Infants, § 126 b, p. 363; 5 Am. Jur. (2d), Appeal and Error, Sec. 550, p. 35; Annotation, 87 A. L. R. 672, 675.

The allowance of attorney fees from the proceeds of sale diminishes the estate in remainder to the prejudice of the rights of infant defendants and of persons yet unborn who may, upon the termination of the life estate, qualify as members of the class entitled thereto. It is, therefore, our duty to determine whether, under the circumstances of this case, such fees may lawfully be allowed. We think it apparent that a negative answer is required.

Ordinarily, an attorney must look to his client for compensation for services performed by his engagement. However, under appropriate circumstances, a court of equity may allow an attorney's fee to a party who has, at his own expense, successfully maintained or defended an action for the recovery or preservation of a fund or property in which others are entitled to share, to be paid from such fund.

The doctrine was ably expounded for this court in the leading case of Petition of Crum, 196 S. C. 528, 14 S. E. (2d) 21, which recognizes that the allowance of counsel fees from a fund is capable of great abuse and should be granted only when required in the promotion of justice. It is sometimes stated that counsel fees are allowable when a fund in which others are entitled to share has been "brought into court" by the efforts and at the expense of one party. However, the following excerpts from the opinion in Crum amply demonstrate that such an allowance is improper unless other essential conditions are met.

"The rule is founded upon the just principle that one who preserves or protects a common fund *works for others as well as for himself, and the others so benefited should bear their just share of the expenses,* including a reasonable attorney's fee; and that the most equitable way of securing such contribution is to make such expenses a charge on the fund so protected or recovered. * * * (Emphasis ours.)

"* * * In order that an attorney may be entitled to compensation out of a common fund, *his services must have aided in creating, preserving or protecting the fund*. It is also essential that the services prove fruitful to the general class. * * * (Emphasis ours.)

\* \* \*

"The underlying principle in the South Carolina cases cited and relied upon in the Circuit decree is the *principle of representation or agency,* as in a class suit, that is, before one may be allowed compensation out of a common fund belonging to others for services rendered on behalf of the

common interest 'there must be a contract of employment, either expressly made or superinduced by the law upon the facts.' * * *" (Emphasis ours.) 14 S. E. (2d) 23.

This case fails to meet any of these criteria. Plaintiff's attorneys served her alone, and their efforts in behalf of the life tenant conferred no benefit upon the remaindermen. The services of the attorneys employed by the respective parties did not create, preserve or protect a common fund. The real property was in hand and free of hostile claims. Its mere conversion into personalty for the benefit of the life tenant was not the creation of a fund within the meaning of the rule. The parties were adversaries, and no facts are present upon which the law can raise an implication of representation of the defendants by plaintiff's counsel or of plaintiff by defendants' counsel. The contrary plainly appears.

We think it clear that the parties were not entitled to allowances for counsel fees from the proceeds of sale under the equitable doctrine adduced and applied in Crum. Nor do we agree with the suggestion that fees are allowable by analogy to Section 10-2211, relating to attorney fees in partition suits. In partition suits, attorneys engaged by some of the tenants in common may serve equally the interests of others who fail to employ counsel. The statute, following equitable principles, simply authorizes such assessment of fees against any or all of the parties "as may be equitable" and is not applicable here by analogy or otherwise.

Reversed.

Taylor, C. J., and Moss, Lewis and Bussey, JJ., concur.