20855

Anne N. DANIEL, Trustee, Appellant-Respondent, v. Mary Sue WHITE, Thomas D. White, Barkesdale M. White, Everette E. White, Agnes W. Jackson, Kathleen W. Stark, John Cousins White, Gerald A. White, Charles M. White, Mary E. Cousins, Hazel C. Baskette, Bertie Lee C. Smith, Virgil M. Cousins, James P. Cousins, Lillie Mae Cousins, Lila C. Romine, Thomas Cousins, Anne Sue Wilkes, Beatrice Sweat Cousins, Bobby Allen Riley, Rose Marie Riley (a minor fourteen years of age), Julie Riley (a minor under fourteen years of age), Janice C. Loud, Gene T. Cousins, George Wilbur Cousins, Georgia Eargle Cousins Lindler, Mary Nell C. Shelley, Robert Cousins, Charley Cousins, Luther Kade Cousins, Lois Merchant, Ruby Merchant Moses, Bernice Merchant Lomax, Frank Merchant, Henry B. Cousins, James C. Cousins, Walter M. Cousins, Frank N. Cousins, Jackson R. Cousins, Narvice Cousins, Ila Mae C. Brehmer, Patricia C. Barber, Drucie C. Goss, Brenda C. Vigodsky, Frances C. McGaha, Jo Ann Cousins, Virginia C. McMath, Betty C. Campbell, Warren R. Cousins, Walter B. Cousins, Luther Edford Cousins, and all unknown persons claiming any right, title or interest in or to or lien upon the real estate herein, any unknown adults being in a class collectively designated as John Doe, and any unknown infants or persons under other legal disability being in a class collectively designated as Richard Roe, Defendants, of whom Lois Merchant, Ruby Merchant Moses, Bernice Merchant Lomax, Henry B. Cousins, James C. Cousins, Walter M. Cousins, Frank N. Cousins, Jackson R. Cousins, Ila Mae C. Brehmer, Patricia C. Barber, Drucie C. Goss, Brenda C. Vigodsky, Frances C. McGaha, Jo Ann Cousins, Virginia C. McMath, Betty C. Campbell, Warren R. Cousins and Walter B. Cousins are Respondents-Appellants.

(252 S. E. (2d) 912)

*Samuel M. Price, Jr.,* Newberry, *for appellant-respondent.*

*Pope & Schumpert,* Newberry, *for respondents-appellants.*

January 22, 1979.

LITTLEJOHN, Justice:

The court is called upon to construe the provisions of Item Three of the will of John Cousins, who died in 1929, leaving six children. Item Three reads as follows:

"I give, devise and bequeath all the rest and residue of my estate real and personal and of whatever kind, to my six children, namely: John Marenus Cousins, Martin Luther Cousins, (Mrs.) Maggie Beatrice Merchant, John Henry Cousins, (Mrs.) Elizabeth Paysinger, and Ernest Hamilton

Cousins, share and share alike, *but should any of my said six children die, at any time, without leaving one or more heirs begotten of his or her body, living at the time of the death of such child,* the share of such child so dying shall go to my other children who may *then be alive,* share and share alike, with the proviso, however, that if any of my said other children be then dead, the *then living* heirs begotten of his or her body shall be let in and take the share such child *would have taken if then living."* (Emphasis added.)

Children were born to all of the six sons and daughters named in the will except Elizabeth Cousins Paysinger and Ernest Hamilton Cousins. Elizabeth Cousins Paysinger died testate in 1965, leaving an adopted child for whom the plaintiff Anne N. Daniel serves as trustee. This action was brought by the trustee for the purpose of quieting title to a 31 acre tract of land which Elizabeth took under her father's will. The trustee submits that the tract belongs to the adopted son of Elizabeth in fee simple as devisee under her will.

The defendants are some 50 descendants of John Cousins, through his other four children; they live in several states and the interests of many of them are minuscule, some as little as .231%. Many of the defendants are in default, while others are represented by Messrs. Pope and Schumpert. The answering defendants submit that Elizabeth Cousins Pay-singer was devised merely a fee defeasible title and that upon her death without issue title to the 31 acre tract vested in the defendants named in this action. They ask that the tract be sold in partition.

Both the referee, who tried the case, and the circuit judge, who heard the appeal from the referee's report, determined the issue in favor of the defendants. The circuit judge ruled:

"After careful consideration of the record I am convinced that under the Will of John Cousins his daughter Elizabeth C. Paysinger was devised a fee defeasible title. Her title was defeated when she died on September 27, 1965, without heirs survived by living heirs begotten of her body. The heirs of

the body of her sister and brothers living at the time of her death took fee simple title to the premises."

We are of the unanimous opinion that the ruling of the trial judge correctly decided the issue and are of the view that a full written opinion on this point would serve no precedential value and that no error of law appears. Accordingly, the basic issue on its merits is disposed of under Rule 23, and the lower court is affirmed. *Gordon v. Gordon,* 32 S. C. 563, 11 S. E. 334 (1890); *Dobson v. Smith,* 213 S. C. 15, 48 S. E. (2d) 607 (1948).

It follows that the plaintiff has no interest in the property, and the partition recommended by the referee and approved by the circuit judge is appropriate.

We now proceed with a consideration of other issues raised by the appeal of both the plaintiff and of those defendants represented by Messrs. Pope and Schumpert.

The record reflects that the plaintiff cut $1,065.00 worth of timber from the premises after the death of Elizabeth C. Paysinger. The lower court awarded the defendants judgment in this amount plus interest from July 1976. To this ruling the plaintiff has taken exception. Having found that the plaintiff had no interest in the property after the death of Elizabeth C. Paysinger in 1965, it follows that the lower court was correct and the exception of the plaintiff to this ruling is not sustained.

The lower court directed that an attorney fee and costs be paid to counsel for the plaintiff and directed that an attorney fee be allowed counsel for the answering defendants. The parties have taken exception to these rulings. In oral argument it was conceded by counsel for plaintiff that if the defendants prevailed on the merits a fee would be in order. Accordingly, the lower court shall provide to counsel for the answering defendants an appropriate fee out of the funds created by the partition sale.

Counsel for the answering defendants submit that the attorney for the plaintiff, having failed to prevail, is entitled to neither the attorney's fees nor costs.

We hold that the plaintiff is entitled to attorney's fees. Section 15-61-110, *Code of Laws of South Carolina* (1976), provides that:

"The court of common pleas may fix attorneys' fees in all partition proceedings and, as may be equitable, assess such fees against any or all of the parties in interest."

The resolution of the question turns largely on the construction of this statute. The first clause of the statute gives the court of common pleas the power to assess attorney's fees in partition actions. The second clause indicates the class of persons against whom the fees may be assessed. As counsel for the plaintiff points out, the statute does not restrict the class of persons who may claim attorney's fees, save by the requirement that the assessment be "equitable." Of course, in a great majority of cases, it would be inequitable to allow a losing party to recover his fees. But this case is not a usual one. It was inevitable that the property in question eventually be the subject of a partition action. The descendants of John Cousins were so many and so scattered that, as a practical matter, they never could have been gathered together to convey clear title; partition in kind was not feasible; so the only way the defendants could receive a benefit was by way of a partition. One of the most bothersome and expensive aspects of this action was the location of all of John Cousins' heirs. In his original action to try title, the plaintiff spent much time and effort in the location of these heirs. The defendants took advantage of the plaintiff's attorney's efforts by cross-claiming for partition, thereby receiving an advantage of work done by him. Of course, had the plaintiff been an interloper without even color of title, a different result would be required.

We do not hold that the plaintiff is entitled to a full fee. In those states which allow attorney fees to be recovered in contested partition actions, counsel fees are allowed "for only

that work which would have been required in a non-contested partition action." *Billinger v. Jost,* 510 S. W. (2d) 57, 58 (Mo. App. 1974), See Annot., 94 A. L. R. 2d 575, 588, § 11b. We hold, as did the lower court, that it is only equitable for the plaintiff in this action to recover her attorney's fee to the extent that his work was helpful to the true owners as found by the lower court.

Counsel for the defendants assert that *Caughman v. Caughman,* 247 S. C. 104, 146 S. E. (2d) 93 (1965), prohibits the plaintiff from recovering his fees. *Caughman* stands for the proposition that a court of equity may award attorney fees to a party who benefited others by creating or preserving a common fund. We believe that the reasoning of *Caughman* is of help to the plaintiff. Most interests of the plaintiff and defendants were opposite, but both had an interest in identifying all the heirs of John Cousins, bringing them into court and settling the title to the land. Plaintiff's counsel is entitled to be compensated, but only to the extent that his efforts benefited the defendants.

Also in dispute is the payment of costs. The costs of both plaintiff and defendants normally taxed by the clerk shall be paid out of the proceeds of the sale. Unusual costs incurred by counsel for plaintiff may be taken into consideration by the lower court in determining the amount of his fee.

Of course, we do not deal with the amount of attorneys' fees or costs, since the trial court is more familiar with the amount of the costs and the value of the attorneys' services.

All other exceptions, not herein discussed, have been examined and found to be without merit.

The order of the trial court is affirmed, save for the award of an attorney's fee to the plaintiff, which is modified, and this case is remanded to the circuit court for further proceedings not inconsistent with this opinion.

Affirmed in part; modified in part; and remanded.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.