21357

Roland E. BRIGGS and Corine Wright Briggs, a/k/a Colie Wright Briggs, Respondents, v. Blanche Planter JACKSON, Elmore Buster Planter, Corine Planter Gordon, Leola Planter Chestnut, Emma Planter Gass and Pearl Planter Davis, Appellants.

(273 S. E. (2d) 532)

524

*Willcox, Hardee, O'Farrell, McLeod, Buyck & Baker,* Florence, *for appellants.*

*E. Lee Morgan* and *William P. Hatfield, Hyman, Morgan, Brown, Jeffords & Rushton,* Florence, *for respondents.*

January 5, 1981.

Lewis, Chief Justice:

This appeal involves the propriety of (1) an award of attorney's fees in a partition action and (2) the requirement that a certain portion of the land involved be sold to pay the fees, if not paid within sixty (60) days.

An action was instituted by plaintiffs (respondents) in 1976 for the partition among the parties of several tracts of land in Florence County according to their respective rights and interests. The issues were contested and involved a construction of the provisions of a will in order to determine the quantity and quality of the estates owned by the parties in the land involved. A determination of the interests of the parties in the property was made by order of the court in 1977 but, at the request of the parties, a partition was postponed with leave to either party to subsequently make application to the court for such further relief as they might deem appropriate. The order contained the further provision "that the attorneys for the plaintiff and for the defendants are entitled to a reasonable attorneys fee to be paid out of the partitioned properties." No appeal was taken from the foregoing order.

In January 1979, two years after the above decree, plaintiffs' (respondents') attorney, independently of his clients, petitioned the court to determine the amount of the fees to

which he was entitled for his services in the partition action, and asked that three unimproved lots, involved in the partition action, be sold to pay the fee. After concluding that "all the parties have benefited by the bringing of the action, in that a judicial determination of the rights and interests of all parties has been made," the court awarded a three thousand ($3,000.00) dollar fee to respondents' attorney for his services in connection with the partition action and further directed that, if the parties failed to pay the fee within sixty (60) days, the lots be sold and the proceeds applied toward payment. There was testimony that the total value of the property involved was $98,000.00, and that the three unimproved lots were worth $3,000.00. This appeal is from the allowance of attorney's fees to respondents' attorney and the direction that the unimproved lots be sold to pay the fee.

When the partition action was instituted, the defendants (appellants) employed counsel and contested the issues. Apparently, the parties, having obtained a determination of their respective interests in the property, are not presently interested in proceeding with an actual partition. However, all parties treat the right to counsel fees as based upon the authority of the court to award such fees in a partition action, and we decide the appeal upon that basis.

The questions then to be decided involve (1) the authority of the court to assess a fee for plaintiff's attorney in a contested partition action, (2) the standing of plaintiffs' attorney to apply in the action in his own right for an award of counsel fees, and (3) the authority of the court in a partition action to order the sale of land solely to pay attorney's fees.

We need not pursue common law principles governing the allowance of counsel fees. The authority of the court to award attorneys' fees in partition actions is settled in this State by the explicit terms of Section 15-61-110 of the 1976 Code of Laws, which provide:

The Court of Common Pleas may fix attorneys' fees in all partition proceedings and, as may be equitable, assess such fees against any or all of the parties in interest.

We have held that the allowance of attorneys' fees, under the foregoing section, is within the discretion of the trial judge. *Smith v. Hawkins,* 254 S. C. 423, 175 S. E. (2d) 824; *Watson v. Little,* 229 S C. 486, 93 S. E. (2d) 645.

Appellants argue, however, that, since they employed counsel and contested the action, attorneys' fees should not be allowed to plaintiffs' (respondents') counsel against the common fund or property, relying upon the principle, apparently followed in some jurisdictions, that where the proceedings are adversary, attorneys' fees are not allowed against the common fund. 68 C. J. S. Partition § 247.

We find nothing in the language of our statute to warrant the adoption of the strict adversary rule, as contended by appellants. Rather, the statutory language clearly indicates an intent to grant to the court a wide discretion to assess attorneys' fees against *any* or *all* of the parties in interest "as may be equitable".

What is an "equitable" assessment of attorneys' fees under the statute, of course, must depend largely upon the facts and circumstances of each case. We, however, reject the argument that the mere employment of counsel by the defendants or the litigation of controversies between the parties necessarily destroys the power of the court to award attorneys' fees against the common fund. We think the dictates of the statute, that equitable principles govern the assessment of attorneys' fees, would justify the award of such fees where the attorneys' services inure to the common benefit of the parties in interest. See Annotation in 94 A. L. R. (2d) 575, Section 7, at page 582.

In this case, the lower court concluded that "all of the parties have benefited by the bringing of the action" and, accordingly, assessed attorney's fees for respondents' counsel against the common property. The record supports the finding of the court. The burden of the procedural details of instituting a partition action was carried by respondents' coun-

sel, including, as noted by the trial judge, the necessity to examine the title of the six parcels of land involved. While adversary answers are led by appellants, the record shows that the recommendations of the master, to whom the issues were referred, were not contested by appellants. The award of attorney's fees to respondents' counsel against the common property did not constitute an abuse of discretion.

There is no merit in appellants' contention that respondents' attorney had no independent standing or right to petition for the allowance of attorney's fees. Section 15-61-110, *supra,* authorizes the court to "assess such fees against any or all of the parties in interest." This statute makes the attorney the beneficiary and authorizes the levy of the fee against "any or all of the parties in interest" including his own client. The basis for the assessment of the fee is not the contract between the parties, but rather the statutory provision. Hence, the right to the fee is not derivative, but may be asserted upon the petition of the attorney.

Finally, appellants argue that the court had no power to order a sale of the property in a partition action, upon the petition of an attorney, solely for the purpose of paying attorney's fees assessed pursuant to Section 15-61-110. We think the authority of the court to order the payment of the fee, through the sale of a portion of the common property involved, is implicit under the statute. The authority to assess the fee against all of the parties carries with it the authority to enforce payment of the fee allowed against the common fund or property involved in the action.

While the authority exists to order the sale of the property for the purpose of paying attorney's fees assessed pursuant to Section 15-61-110, its exercise is not mandatory but rests within the sound discretion of the trial court. The fee allowed appears reasonable in amount. The only property ordered to be sold was vacant lots and only in such

quantity as necessary to satisfy the award. Under the present facts, there was no abuse of discretion.

Ordinarily, a determination of the right to attorneys' fees in a partition action awaits the final disposition of the cause. In this case however, after a determination of the respective interests of the parties in the land, the parties requested an indeterminate delay in the partition, rendering it indefinite as to when, if ever, the action will be concluded. This action on the part of the parties cannot operate to deprive counsel of his fees and, under these peculiar circumstances, the order granting attorney's fees was proper.

The judgment is accordingly affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.