0281

S & W CORPORATION OF INMAN, Walter Stiehl and Emiel Piasecki, Appellants, v. Woodrow Jack WELLS, Respondent.

(321 S. E. (2d) 183)

Court of Appeals

*Bean & Bean,* Spartanburg, *for appellants.*

*Christian D. Padgett,* Gaffney, *for respondent.*

Heard July 30, 1984.

Decided Sept. 24, 1984.

CURETON, Judge:

The appellants, S & W Corporation of Inman, Walter Stiehl and Emiel Piasecki, except to the circuit court's order award-

ing $11,136.66 in attorneys' fees to three attorneys for respondent, Woodrow Wells. We remand for reconsideration in accordance with the principles discussed herein.

The appellants initiated four suits against the respondents which alleged that the respondent, acting as agent of the appellants, wrongfully or fraudulently converted money or transferred real property of the appellants to himself. Their complaints requested damages and reconveyance of two tracts of lands: a 209-acre tract and a 15.8-acre tract.

The respondent brought an action against the appellants for partition, claiming an interest in several tracts of land including the 209-acre tract and two others: a 6-acre and a 32-acre tract. The complaint also requested reasonable attorney's fees.

The circuit court judge consolidated the five cases and referred them to a special referee. Upon exception to the special referee's report by both parties and after a hearing, the cases were returned to the special referee for the taking of additional testimony.

The circuit court confirmed the special referee's report and the suits were ultimately resolved by requiring the property to be sold at public sale. The referee found that respondent had no interest in any of the property but was merely entitled to a one-third share in any profits resulting from the sale of the property. The property realized gross profits of $5,378 from the public sale. The court ordered the respondent's share be credited against a debt which it found the respondent owed the appellants.

Thereafter, the respondent's attorney petitioned the court to set attorneys' fees for the attorneys who had represented the respondent. After a hearing and the submission of briefs, the court found reasonable attorneys' fees to be $11,136.66 and ordered the appellants to pay seventy-five percent of that amount. The court's order commented on the enormous amount of work the respondent's attorneys had done in attempting to reconstruct poorly documented business transactions between the parties.

The appellants argue several contentions. First, they argue that since the respondent held no interest in the property in issue, his action was not a true partition action and attorneys' fees could not be awarded pursuant to

Section 15-61-110 of the South Carolina Code of Laws of 1976. Secondly, the appellants contend that in order to receive attorneys' fees under the authority of Section 15-61-110, the partition action must benefit the opposing party. They argue that they received no benefit and further, that the court failed to determine whether they were benefited by the prosecution of the partition action. Lastly, the appellants contend that if an award of attorneys' fees was proper, it could be based only on the partition action. The partition action was one of five consolidated for trial. The appellants argue that the court's award which was based on all five actions should be reduced by eighty percent and then apportioned among the parties.

Section 15-61-110 provides:

> The court of common pleas may fix attorney's fees in all partition proceedings and, as may be equitable, assess such fees against any or all of the parties in interest.

The statute clearly states that the fixing and assessing of attorney's fees is a matter within the circuit court's discretion, the exercise of which will not be disturbed absent a showing of abuse thereof. *Watson v. Little,* 229 S. C. 486, 93 S. E. (2d) 645 (1956).

In several cases, our Supreme Court has held that the ■ attorney of a losing party in a partition may be awarded attorney's fees upon a determination that the attorney's work benefited the true owners of the property. *Kelly v. McCray,* 278 S. C. 88, 292 S. E. (2d) 587 (1982); *Briggs v. Jackson,* 275 S. C. 523, 273 S. E. (2d) 532 (1981); *Daniel v. White,* 272 S. C. 477, 252 S. E. (2d) 912 (1979); *Watson v. Little, supra.* The amount of the award to be borne by the prevailing party is limited to an amount which compensates the attorney for the work which was helpful to the prevailing party. *Daniel v. White,* 272 S. C. at 482, 252 S. E. (2d) 912.

The court did not determine first that the respondent's ■ attorneys' efforts benefited the appellants. This determination should be a factual one which is readily reviewable by an appellate court. We are also unable to determine that the assessment of seventy-five percent of the fees awarded represents the extent to which the respondent's attorneys' effort benefited the appellants.

Therefore, we remand the case to the circuit court for reconsideration and for appropriate findings of fact and conclusions of law consistent with our opinion herein.

Remanded.

SANDERS, C. J., and GARDNER, J., concur.