THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Rachel Hall, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Angel
 Rodriquez, Appellant.
 
 

Appeal From Richland County
Joseph  M. Strickland, Master-In-Equity

Unpublished Opinion No.  2009-UP-564
 Submitted May 1, 2009  Filed November 30,
2009

AFFIRMED AS MODIFIED

 
 
 
 James Richardson, Jr. and Steven Anderson,
 both of Columbia, for Appellant.
 William  Booth, III, of West Columbia, for
 Respondent.
 
 
 

PER CURIAM:  This is an appeal in a partition
 action.  Angel Rodriquez appeals (1) the refusal by the master-in-equity to
 charge Rachel Hall with the value of her use and occupation of the property after
 the parties became estranged, (2) the master's finding that certain
 improvements to the property increased the value by $30,000.00., and (3) the
 award of attorney's fees and costs of $5,624.38 to Hall in the form of a
 personal judgment.  We affirm as modified.[1]
FACTS AND PROCEDURAL HISTORY
In 2006 Hall and Rodriquez
 became engaged and purchased a single-family residential home located in
 Blythewood, South Carolina, for $485,000.00.  The parties shared equally the
 costs to acquire the home and financed the balance of the purchase with a note
 and mortgage.  Both Hall and Rodriquez brought furniture and other belongings
 from their former homes.  They moved into the house shortly after the closing.
Although the property was
 deeded to Hall and Rodriquez as tenants-in-common, Rodriquez continued to rent
 an apartment in Charlotte, where he was working as a computer engineer.  During
 the work week, Rodriquez stayed in his Charlotte apartment.
The
 parties hired a contractor to build three rooms in the unfinished basement of
 the house.  This work, which was almost completed at the time of trial, added
 about 1,418 square feet of finished space to the residence.
Hall later discovered
 evidence leading her to believe Rodriquez had been unfaithful to her.  Based on
 this information, Hall changed the locks and security code.  When Rodriquez
 unexpectedly arrived at the residence late one evening and became disruptive
 upon discovering he could not enter the house, Hall became frightened and
 called the police.
The parties attempted to
 reconcile, and Rodriquez was later given a key; however, he did not return to
 live in the residence except to stay there for four days during the holidays.  During
 her testimony, Hall maintained she allowed Rodriquez to retrieve various
 belongings whenever he requested.  In March 2007, without notifying Rodriquez,
 Hall removed most of Rodriquez's remaining belongings and placed them in
 storage.
After Rodriquez moved out,
 Hall commenced this action, seeking partition of the subject property. 
 Specifically, Hall requested (1) a partition of the property by judicial sale,
 (2) attorney's fees and costs, (3) reimbursement for improvements, and (4)
 reimbursement for mortgage payments, taxes, and upkeep.  In his answer and
 counterclaim, Rodriquez agreed to a partition of the property but not to a
 judicial sale.  By way of counterclaim, he requested that the property be sold
 on the market and also alleged Hall's actions in excluding him from the
 property constituted ouster and entitled him to damages.
The matter was referred to
 the Richland County Master-in-Equity.  After hearing the matter, the master
 issued a final order granting Hall's request for partition by judicial sale.  Disbursements
 to Hall and Rodriquez were to be made in proportion to the mortgage payments each
 party made on the home; however, the distribution to Rodriquez was subject to
 the availability of funds from the successful bid.  The master also found the
 improvements to the basement had increased the value of the property by
 $30,000.00 and adjusted the distribution to each party to reflect his or her respective
 contribution to the cost of this improvement.[2] 
 In addition, the master awarded Hall her full attorney's fee of $5,411.00 plus
 costs of $213.38, finding "any legal fees incurred by [Hall] have accrued
 based solely on the actions of Rodriquez."  The master awarded these
 amounts as a judgment against Rodriquez, providing (1) they would be deducted
 to the extent there were funds due him from the sale, and (2) any amount still
 owing would be reduced to a judgment against him.
Following an unsuccessful
 motion to alter or amend the master's order, Rodriquez filed this appeal.
The master's sale took place
 while this appeal was pending.  Hall was the highest bidder and the bid amount
 was $150,000.00.[3] 
 Pursuant to the terms of the sale, the master signed and filed an order for
 disbursements directing Hall to pay Rodriquez $35,176.15, which represented his
 net share of the sales proceeds.
ISSUES
I. Should the master have offset
 Hall's recovery for mortgage payments, improvements, and other expenses by the
 rental value of the property during the time she occupied the home after the
 parties separated?
II. Did the master err in valuing the
 improvements to the home?
III. Did the master abuse his
 discretion in the award of attorney's fees and costs?
STANDARD OF
 REVIEW
A partition
 action is an equitable matter; therefore, this Court "has jurisdiction to
 reach its own conclusion as to the preponderance of the evidence."  Ackerman
 v. Heard, 287 S.C. 626, 628, 640 S.E.2d 560, 562 (Ct. App. 1986).  This
 broad scope of review applicable to appeals in equity actions, however,
 "does not require an appellate court to disregard the findings below or
 ignore the fact that the trial judge is in the better position to assess the
 credibility of the witnesses."  Pinckney v. Warren, 344 S.C. 382,
 387, 544 S.E.2d 620, 623 (2001).

LAW/ANALYSIS
I.
Rodriquez first
 argues Hall's decision to seek contribution from him for expenses associated
 with preserving and maintaining the property after their separation subjected
 her, as the cotenant in possession, to an offset for the value of her use and
 occupation of the property.  We disagree.
We first address
 Hall's contention that Rodriquez failed to preserve this issue for appeal because
 he did not argue at trial that exclusive use could be established without proof
 of ouster and never presented any credible evidence as to the applicable rental
 value.  In his responsive pleadings, Rodriquez specifically denied Hall was
 entitled to reimbursement for any mortgage payments she made because she had
 had sole use, possession, and occupancy of the home since they separated and
 further asserted any mortgage payments Hall had made constituted "the fair
 market value of the property."  These averments precede Rodriquez's counterclaim
 for ouster damages, which was set forth in a separate defense and
 counterclaim.  When the master failed to address Rodriquez's allegation that
 Hall's sole use, possession, and occupancy of the property precluded her from
 further recovery, Rodriquez raised this issue in his motion to alter or amend. 
 Finally, contrary to Hall's assertion in her brief that Rodriquez failed to
 present evidence of the fair market rental value of the home, Rodriquez
 testified that he had researched rental rates in the neighborhood and stated
 what he believed was a fair rental value based on his research.  We therefore
 hold Rodriquez has preserved this issue for appeal.
The rationale for
 Rodriquez's argument that he was entitled to an offset for Hall's use and
 occupation of the home was that he did not have to prove ouster as "a
 necessary predicate for offsetting the contribution claim of a cotenant in
 possession with the rental value of her use and occupation."  The law,
 however, states otherwise.  See Watson v. Little, 224 S.C. 359, 364,
 79 S.E.2d 384, 387 (1953) (noting the principle that possession by one cotenant
 is the possession of all ceases "when the exclusive possession of a
 cotenant becomes adverse to the right of possession by the other cotenant or
 cotenants; but the hostile character of the possession must be such as to
 amount to an ouster . . . and must be clearly and unmistakably established by
 the evidence"); 20 Am. Jur. 2d Cotenancy and Joint Ownership, § 41,
 at 172 (2005) ("Until an actual ouster is shown, the possession of the
 common property by one cotenant is prima facie, or presumptively, the
 possession of all.").
We agree with
 Hall that Rodriquez did not meet his burden of showing she denied him access to
 the home for any significant period of time after their separation.  To the
 contrary, Rodriquez was given a key after the locks were changed, periodically
 went to the home after the parties separated, and was permitted to leave his
 belongings in the home even after it appeared the parties would not ever
 reconcile.  See Laughon v. O'Braitis, 360 S.C. 520, 526, 602
 S.E.2d 108, 111 (Ct. App. 2004) (affirming a finding that ouster by a co-tenant
 was not shown because, among other factors, the appellant was not denied access
 to the property).
II.
Rodriquez next challenges
 the master's finding that the increase in value of the home attributable to the
 partially finished condition of the 1,418-square-foot basement in the home was $30,000.00. 
 He contends that according to the evidence, which included the testimony of a
 real estate appraiser who appraised the property before and after the
 improvement, the increase in value was at most $21,270.00.  The appraisals
 themselves, however, show the value of the property increased from $485,000.00
 to $515,000.00 during the sixteen months that elapsed between the initial
 appraisal in April 2006, before the work on the basement began, and the second
 appraisal in August 2007, after the work was done.  Furthermore, Rodriquez
 never attempted to cross-examine the appraiser about the possibility that
 factors such as market fluctuation could have contributed to the increase in
 value of the property during this time.  We therefore hold the master's finding
 that the partial finishing of the basement increased the value of the property
 by $30,000.00 was supported by the evidence.
Nevertheless, it
 is apparent from the master's order that although the adjustments in the
 distributions to the parties were intended to account for the difference in
 their respective contributions to the basement work, the calculations resulted
 in overcompensating Hall.  The master attributed to each party the value of the
 appreciation in an amount proportional to that party's contribution to the
 total cost of the work.  As noted by the master, Hall contributed $10,894.86 to
 the work and Rodriquez contributed $6,000.00; therefore, together the parties
 spent $16,894.86, with Hall's contribution amounting to 64.486 percent of the
 total cost and Rodriquez's contribution representing 35.514 percent.  The
 proportional increase in value of the property attributable to Hall's contribution
 was $19,345.87; likewise, the portion attributable to Rodriquez's contribution
 was $10,654.13.  The difference, then, between the parties' respective
 contributions to the total increase in value was $8,691.74.  The master then
 subtracted this amount from Rodriquez's distribution and added the same amount
 to Hall's distribution.  Subtracting the entire difference from Rodriquez's
 distribution and adding it to Hall's distribution, however, would result in Rodriquez's
 contribution being increased to what Hall's contribution was before the offset
 and vice versa, rather than what was the desired effect of making their
 contributions equal.  To achieve the latter result, the offset should have been
 only half of the difference, or $4,345.87.  We therefore modify the
 disbursements calculated by the master so that the line item entitled
 "Adjustment to total to each" shows an upward adjustment of $4,345.87
 for Hall and a downward adjustment in the same amount for Rodriquez.  Cf.  Marichris, LLC v. Derrick, 384 S.C. 345, 355, 682 S.E.2d 301, 306 (Ct.
 App. 2009) (ordering a deduction from the common fund in a partition action to
 effectuate the master's intention of making the parties equally responsible for
 certain payments); Holroyd v. Requa, 361 S.C. 43, 60, 603 S.E.2d 417, 426
 (Ct. App. 2004) ("Our courts have corrected scriveners' errors when
 warranted."); 5 Am. Jur. 2d Appellate Review § 785, at 524 (2007)
 (noting an appellate court may correct clerical errors and observing that
 "[t]he correction of an obvious mathematical error is not barred by the
 law of the case doctrine on a subsequent appeal").
III.
Finally, Rodriquez
 takes issue with the master's decision to require him to pay all of Hall's
 attorney's fees and costs, contending he had agreed to a partition and the only
 work done by Hall's attorney in support of the common goal of the parties was
 the drafting of the complaint.  He further argues the master abused his
 discretion in providing that any fees and costs that could not be satisfied
 from his share of the sales proceeds would be reduced to a personal judgment
 against him.  We hold the circumstances of this case warrant modifying the
 provisions in the appealed order regarding attorney's fees and costs.
In a partition
 action, "[t]he court of common pleas may fix attorneys' fees in all
 partition proceedings and, as may be equitable, assess such fees against
 any or all of the parties in interest."  S.C. Code Ann. § 15-61-110 (2005)
 (emphasis added).  Awards of attorney's fees in partition actions are generally
 discretionary.  S&W Corp. of Inman v. Wells, 283 S.C. 218, 220, 321
 S.E.2d 183, 185 (Ct. App. 1984).  Nevertheless, the South Carolina Supreme
 Court has stated:  "We think the dictates of [section 15-61-110], that
 equitable principles govern the assessment of attorneys' fees, would justify
 the award of such fees where the attorneys' services inure to the common
 benefit of the parties in interest."  Briggs v. Jackson, 275 S.C.
 523, 527, 273 S.E.2d 532, 535 (1981).  Furthermore, although section 15-61-110
 does not expressly prohibit awarding attorney's fees in the form of a judgment
 against a party, the supreme court has recognized "the authority of the
 court to order the payment of the fee, through the sale of a portion of the
 common property involved" as "implicit under the statute."  Id. at 528, 273 S.E.2d at 535; see also Rule 71(d)(3), SCRCP ("Attorneys
 fees and costs may be awarded the attorney for any party(s) from any common
 fund generated by the partition to the extent that attorney's efforts benefited
 all parties; otherwise, his fee shall be paid by the party(s) he represents or
 from the party(s) share(s) only.").
Rodriquez did not
 oppose the partition action and objected only to a judicial sale.  Although
 Hall prevailed in her request for a partition by judicial sale, much of the
 work performed by her attorney was adversarial in nature.  Nevertheless, this
 work ultimately brought the matter to a resolution and benefited both parties;
 therefore, a reasonable compromise would be to modify the appealed order to
 provide that Hall's attorney's fees and costs be assessed equally against both
 parties.  Accordingly, we modify the master's order to require Rodriquez to pay
 only half of Hall's attorney's fees and costs instead of the entire amount.
It is evident
 from the master's order for disbursements that even without the modifications
 ordered by this Court, there were no fees and costs that could not be paid from
 Rodriquez's share of the sales proceeds; therefore, we decline to address Rodriquez's
 argument on this issue.  See Cox v. Cox, 290 S.C. 245, 248, 349
 S.E.2d 92, 94 (Ct. App. 1986) (indicating an appellant must demonstrate
 reversible error, which includes a showing that the alleged error was
 prejudicial).
CONCLUSION
We reject Rodriquez's
 argument that he was entitled to an offset for Hall's occupation of the home
 after the parties separated.  Although we uphold the master's determination
 that the partial finishing of the basement increased the value of the property
 by $30,000.00, we modify the adjustments in the master's disbursements to achieve
 the intended result of making their contributions to this increase equal. 
 Finally, we modify the order to provide that Hall's attorney's fees and costs
 be assessed equally against both parties.
AFFIRMED AS
 MODIFIED.
HEARN, C.J.,
 THOMAS and KONDUROS, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.
[2]  The master ordered the distribution to Rodriquez to
 be reduced by $8,691.74 and the distribution to Hall increased by the same
 amount.  
[3]  The successful bidder at the judicial sale was also
 required to pay off the outstanding mortgage balance.