**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Yvonne J. Robinson, Respondent,

v.

Donray Curtis Jones, Cynthia Denise Jones, Emma Kelly Washington, and Troy Eliazer Washington, Appellants.

Appellate Case No. 2021-000017

Appeal From Cherokee County
Gordon G. Cooper, Master-in-Equity

Unpublished Opinion No. 2023-UP-146
Submitted March 1, 2023 – Filed April 5, 2023

**AFFIRMED**

Donray Curtis Jones, Cynthia Denise Jones, Emma Kelly Washington, and Troy Eliazer Washington, all of Pacolet, pro se.

Scott Franklin Talley, of Talley Law Firm, P.A., of Spartanburg, for Respondent.

**PER CURIAM:** Donray Jones, Cynthia Jones, Troy Washington, and Emma Washington (collectively, Appellants) appeal a master-in-equity's order granting Yvonne Robinson's petition for a partition in kind of a parcel of real property

owned by all parties as joint tenants with rights of survivorship. On appeal, Appellants argue the master erred by (1) construing their statutory right of first refusal as optional, (2) failing to order an appraisal of the property, (3) ordering a partition in kind, and (4) awarding attorney's fees and costs to Robinson. We affirm.

1. Whether the master erred by characterizing Appellants' alleged right of first refusal as optional is not preserved for appellate review because although Appellants notified the master of their interest in purchasing Robinson's property interest, they failed to argue to the master that they were entitled to a right of first refusal. *See Berry v. Spang*, 433 S.C. 1, 10, 855 S.E.2d 309, 314 (Ct. App. 2021) ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the [circuit] court." (alteration in original) (quoting *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779-80 (2004))).

2. Whether the master erred by failing to order an appraisal of the property at issue is not preserved for appellate review because Appellants did not request that the master order an appraisal and the master did not rule on whether an appraisal was proper. *See id.* ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the [circuit] court." (alteration in original) (quoting *Elam*, 361 S.C. at 23, 602 S.E.2d at 779-80)).

3. Whether the master erred by granting Robinson's petition for a partition in kind is not preserved for appellate review because Appellants did not argue to the master that a partition in kind was improper under South Carolina law or that a partition in kind was proper only when the property at issue was determined to be "heirs' property." *See id.* ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the [circuit] court." (alteration in original) (quoting *Elam*, 361 S.C. at 23, 602 S.E.2d at 779-80)).

4. The master did not abuse his discretion by awarding attorney's fees and costs to Robinson. *See* S.C. Code Ann. § 15-61-110 (2005) ("The court of common pleas may fix attorneys' fees in all partition proceedings and, as may be equitable, assess such fees against any or all of the parties in interest."); *S & W Corp. of Inman v. Wells*, 283 S.C. 218, 220, 321 S.E.2d 183, 185 (Ct. App. 1984) ("[Section 15-61-110] clearly states that the fixing and assessing of attorney's fees is a matter within the circuit court's discretion, the exercise of which will not be disturbed absent a showing of abuse thereof.").

**AFFIRMED.**[1]

**WILLIAMS, C.J, and GEATHERS and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.