**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Insurance Office of America, Inc., Respondent,

v.

1221 Bower, LLC, Appellant.

Appellate Case No. 2024-001585

———

Appeal From Lexington County
Courtney Clyburn Pope, Circuit Court Judge

———

Unpublished Opinion No. 2026-UP-299
Submitted May 1, 2026 – Filed June 17, 2026

———

**AFFIRMED**

———

William Sylvester Hammett, III, Jenna Kay Depoy, and Hal Eugene Cobb, all of Cobb Hammett Law Firm, of Mt. Pleasant; and Logan Steele Davis, of Graves & Davis, LLC, of Charleston, all for Appellant.

Ellis Reed-Hill Lesemann and Michelle Alyce Stewart, both of Lesemann & Associates LLC, of Charleston; and Benjamin Houston Joyce, of Ashcraft & Gerel, LLP, of Charleston, all for Respondent.

———

**PER CURIAM:**  1221 Bower, LLC (Bower) appeals the trial court's award of $94,500.00 in attorney's fees and costs.  On appeal, Bower argues the circuit court abused its discretion in reducing its requested attorney's fees because the reduction was based on (1) an improper consideration of the *Blumberg*[1] factors; (2) unsuccessful motions, excluded evidence, and duplicative trial preparation; and (3) inferences drawn from disputed evidence and improperly admitted prejudicial evidence.  We affirm pursuant to Rule 220(b), SCACR.

1.  We find the trial court did not abuse its discretion in awarding Bower $94,500.00 in attorney's fees and costs, rather than the $172,206.03 that it requested.  *See Baron Data Sys., Inc. v. Loter*, 297 S.C. 382, 383, 377 S.E.2d 296, 297 (1989) ("The general rule is that attorney's fees are not recoverable unless authorized by contract or statute."); *Laser Supply & Servs., Inc. v. Orchard Park Assocs.*, 382 S.C. 326, 340, 676 S.E.2d 139, 147 (Ct. App. 2009) ("The review of attorney fees awarded pursuant to a contract is governed by an abuse of discretion standard."); *id.* ("An appellate court will not reverse an award unless it is based on an error of law or is without any evidentiary support."); *Blumberg*, 310 S.C. at 494, 427 S.E.2d at 660 (stating the six factors to consider in awarding reasonable attorney's fees are "1) nature, extent, and difficulty of the legal services rendered; 2) time and labor devoted to the case; 3) professional standing of counsel; 4) contingency of compensation; 5) fee customarily charged in the locality for similar services; and 6) beneficial results obtained").  Although Bower asserts improper weight was given to the "beneficial results obtained" factor, we find the court sufficiently analyzed each factor and there was evidentiary support for the reduction.  *See id.* at 494, 427 S.E.2d at 661 (holding that the "court should make specific findings of fact on the record for each factor"); *Brawley v. Richland County*, 445 S.C. 80, 97, 911 S.E.2d 156, 165 (Ct. App. 2025) ("A reasonable fee award . . . must be proportional to the degree of success obtained."), *cert. denied* (June 3, 2025); *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983) ("There is no precise rule or formula for making [fee] determinations.  The [trial] court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success."); *Rice v. Multimedia, Inc.*, 318 S.C. 95, 100, 456 S.E.2d 381, 384 (1995) (upholding a trial court's reduction in attorney's fees because appellant only partially prevailed on its claims).

2.  We hold that to the extent Bower argues its unsuccessful claims were intertwined with its successful claims, this argument is not preserved for appellate

---

[1] *Blumberg v. Nealco, Inc.*, 307 S.C. 537, 416 S.E.2d 211 (Ct. App. 1992), *aff'd as modified*, 310 S.C. 492, 427 S.E.2d 659 (1993).

review because at the post-trial hearing and in its motion for attorney's fees, Bower only argued that it was fully successful at trial and it raises the argument that its unsuccessful claims were related to its successful claims for the first time on appeal. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *State v. Prioleau*, 345 S.C. 404, 411, 548 S.E.2d 213, 216 (2001) ("[A] party may not argue one ground at trial and an alternate ground on appeal."). Further, we find the trial court did not abuse its discretion in reducing Bower's requested attorney's fees and costs based on unsuccessful motions, excluded evidence, and duplicative trial preparation because there is evidentiary support for its findings. *See Laser Supply*, 382 S.C. at 340, 676 S.E.2d at 147 ("The review of attorney fees awarded pursuant to a contract is governed by an abuse of discretion standard."); *id.* ("An appellate court will not reverse an award unless it is based on an error of law or is without any evidentiary support."); *Brawley*, 445 S.C. at 95, 911 S.E.2d at 164 (stating that hours not "reasonably expended" should be excluded from fee calculations, "includ[ing] 'hours that are excessive, redundant, or otherwise unnecessary.'" (quoting *Hensley*, 461 U.S. at 434)); *Hensley*, 461 U.S. at 436-37 ("There is no precise rule or formula for making [fee] determinations. The [trial] court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success."); *S & W Corp. of Inman v. Wells*, 283 S.C. 218, 220, 321 S.E.2d 183, 185 (Ct. App. 1984) ("The amount of the award to be borne by the prevailing party is limited to an amount which compensates the attorney for the work which was helpful to the prevailing party.").

3.  We hold Bower's argument that the trial court erred in reducing its requested attorney's fees based on inferences drawn from improperly admitted prejudicial evidence and disputed evidence is not preserved for appellate review. Because this issue arose in the trial court's post-trial order, Bower was required to raise the issue in a Rule 59(e) motion to afford the court an opportunity to address the alleged error. *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 55 (Ct. App. 2006) ("[W]hen an appellant neither raises an issue at trial nor through a Rule 59(e), [of the South Carolina Rules of Civil Procedure], motion, the issue is not preserved for appellate review.").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.